[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 640.]

THE STATE EX REL. GROVE *v*. NADEL, JUDGE.

[Cite as *State ex rel. Grove v. Nadel*, 1998-Ohio-176.]

*Motion to dismiss granted.*

(No. 97-1919—Submitted November 4, 1997—Decided January 7, 1998.)

IN PROCEDENDO.

ON MOTION TO DISMISS.

———————————

*Mark Earl Grove, pro se.*

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for respondent.

———————————

{¶ 1} The motion to dismiss is granted, and the cause is dismissed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

LUNDBERG STRATTON, J., dissents.

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 2} I respectfully dissent. I would grant relator's complaint for a writ of procedendo and order the respondent trial judge to journalize his orders denying relator's motions.

{¶ 3} On June 20, 1997 relator filed a Motion for Correction or Modification of Record with the respondent. The respondent denied the motion, but allegedly failed to journalize the order. Relator then filed a Motion for Findings of Fact and Conclusions of Law pertaining to the respondent's denial of relator's Motion for Correction or Modification of Record. The respondent also denied

relator's Motion for Findings of Fact and Conclusions of Law, and again allegedly failed to journalize the order.

{¶ 4} Relator seeks a writ of procedendo to compel the trial court to journalize these orders. Attached to relator's memorandum in opposition to respondent's motion to dismiss is what appears to be an order by respondent pertaining to one of relator's aforementioned motions seeking to have the trial court journalize its orders. The order states: "IT IS HEREBY ORDERED that Motion to Journalize is hereby denied."

{¶ 5} The respondent asserts that he did journalize both orders, and therefore relator's motion is moot.

{¶ 6} Rule 7 of the Rules of Superintendence for the Courts of Ohio makes it incumbent upon a court to journalize a judgment at the request of either party where the court has yet to complete the task. If a court refuses to journalize an entry, either party may compel the trial court to do so by filing a petition for a writ of procedendo. *Kennedy v. Cleveland* (1984), 16 Ohio App.3d 399, 402, 16 OBR 469, 471, 476 N.E.2d 683, 687. Therefore, a party has a clear legal right to have a trial court journalize a judgment but has no remedy in the ordinary course of the law to compel a court to carry out this duty. A writ is a party's only recourse because a defendant cannot appeal the court's judgment until it has been journalized. Civ.R. 58(A).[1] In effect, a court's failure to journalize an order would deprive a party of his or her right to appeal.

{¶ 7} In the case at bar, relator has provided a copy of an order which indicates that respondent denied relator's Motion to Journalize entries pertaining to relator's case. The respondent has failed to provide this court with any documentary evidence that would indicate that the entries dismissing relator's

---

1. A motion seeking to compel a trial judge to correct the record in a criminal case is civil in nature. See *State ex rel. Martinelli v. Corrigan* (1994), 68 Ohio St.3d 362, 626 N.E.2d 954. A motion for findings of fact and conclusions of law is also civil in nature. Civ.R. 52.

motions *were* journalized. Therefore, I would find that, based on the limited "record" before this court, the trial court failed to journalize the orders denying relator's motions.[2] Accordingly, I would have granted relator's complaint for a writ of procedendo.

––––––––––––––––––––

2. I realize that there is a possibility that the respondent court's entry (attached to relator's memorandum in opposition) which denied relator's Motion to Journalize *may* have done so because it was moot. However, the entry did not make any such specification.