**[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 325.]**

THE STATE EX REL. GROVE, APPELLANT, *v.* NADEL, JUDGE, APPELLEE.

[Cite as *State ex rel. Grove v. Nadel*, 1998-Ohio-624.]

*Complaint for writ of procedendo to compel common pleas court judge to issue findings of fact and conclusions of law on the denial of a motion for the preparation of a second complete transcript for a postconviction relief appeal dismissed, when—Complaint for writ of procedendo to compel judge to journalize decision denying motion for transcript improperly dismissed, when.*

(No. 97-1517—Submitted February 3, 1998—Decided April 1, 1998.)

APPEAL from the Court of Appeals for Hamilton County, No. C-970324.

———————————

{¶ 1} In 1985, a Hamilton County Common Pleas Court jury convicted appellant, Mark Earl Grove, of aggravated murder, and the trial court sentenced him accordingly. Grove appealed the judgment, and the common pleas court ordered a trial transcript at state expense. The transcript was filed in 1985, and the court of appeals considered it in its decision affirming Grove's conviction and sentence.

{¶ 2} In September 1996, Grove filed a petition for postconviction relief in the common pleas court. The court issued findings of fact and conclusions of law denying Grove's petition. After Grove appealed the denial of his postconviction relief petition, he filed a motion in the common pleas court for preparation of a complete transcript of his criminal trial at state expense. By an order dated January 16, 1997, appellee, Hamilton County Common Pleas Court Judge Norbert A. Nadel, denied Grove's motion. Grove moved for findings of facts and conclusions of law and journalization of Judge Nadel's order denying his motion for transcript.

Judge Nadel failed to issue the requested findings and conclusions, and refused to grant Grove's motion to journalize the January 16, 1997 order.

{¶ 3} In April 1997, Grove filed a complaint in the court of appeals for a writ of procedendo to compel Judge Nadel to (1) issue findings of fact and conclusions of law on his January 16, 1997 decision denying Grove's motion for transcript, and (2) journalize his January 16, 1997 decision. Grove alleged, among other things, that Judge Nadel did not journalize his January 16, 1997 order despite Grove's motion requesting journalization. The court of appeals granted Judge Nadel's motion and dismissed Grove's complaint. The court of appeals subsequently denied Grove's motion for findings of fact and conclusions of law on the court's dismissal.

{¶ 4} The cause is now before the court upon an appeal as of right.

_____

*Mark Earl Grove, pro se.*

_____

***Per Curiam.***

{¶ 5} Grove asserts in his first and second propositions of law that the court of appeals erred by granting Judge Nadel's Civ.R. 12(B)(6) motion and dismissing his complaint for a writ of procedendo. In order to dismiss a complaint for failure to state a claim upon which relief can be granted, it must appear beyond doubt that relator can prove no set of facts warranting relief, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor. Civ.R. 12(B)(6); *State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837. Procedendo is an order from a court of superior jurisdiction to proceed to judgment; it does not attempt to control the inferior court about what the judgment should be. *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 67, 671 N.E.2d 24, 27.

**{¶ 6}** The court of appeals properly dismissed Grove's first claim for a writ of procedendo to compel Judge Nadel to issue findings of fact and conclusions of law on the denial of his motion for transcript. Grove was not entitled to findings of fact and conclusions of law on the denial of his motion for transcript because Judge Nadel did not need to try any questions of fact in order to resolve the motion. Civ.R. 52; see, *e.g.*, *State ex rel. Papp v. James* (1994), 69 Ohio St.3d 373, 377-378, 632 N.E.2d 889, 893-894; *Werden v. Crawford* (1982), 70 Ohio St.2d 122, 24 O.O.3d 196, 435 N.E.2d 424, syllabus. Instead, Judge Nadel needed to resolve only the legal issue of whether Grove was entitled to a second transcript of his criminal trial. On that legal issue, Grove's transcript claim lacked merit because his transcript had already been filed in his direct appeal, and the court of appeals had considered the transcript in its resolution of Grove's appeal. *State v. Grove* (Dec. 11, 1985), Hamilton App. No. C-850165, unreported, 1985 WL 4305; *State ex rel. Murr v. Thierry* (1987), 34 Ohio St.3d 45, 45-46, 517 N.E.2d 226, 227 (Only one copy of transcript of criminal trial need be provided to an indigent criminal defendant.); *State ex rel. Greene v. Enright* (1992), 63 Ohio St.3d 729, 732, 590 N.E.2d 1257, 1260 (The clerk of courts was under no duty to provide an additional copy of a trial transcript to an indigent criminal defendant.).

**{¶ 7}** The court of appeals, however, erred in dismissing Grove's claim for a writ of procedendo to compel Judge Nadel to journalize his decision denying Grove's motion for transcript. Sup.R. 7(A) provides that "[t]he judgment entry specified in Civil Rule 58 and in Criminal Rule 32 shall be journalized within thirty days of the * * * decision. If the entry is not prepared and presented by counsel, it shall be prepared and filed by the court." As the Court of Appeals for Cuyahoga County held in *Kennedy v. Cleveland* (1984), 16 Ohio App.3d 399, 401-402, 16 OBR 469, 471, 476 N.E.2d 683, 687, in construing the similarly worded predecessor version of Sup.R. 7:

"This rule establishes that the trial court has the primary duty to journalize its decision within thirty days after rendering the same. However, if the trial court does not do so, the burden rests secondarily with the parties to the action. Either party is always free to request the court, by way of motion or otherwise, to enter its judgment. *If the trial court refuses upon request or motion to journalize its decision, either party may compel the court to act by filing a writ of mandamus or a writ of procedendo*." (Emphasis added.)

{¶ 8} Based on *Kennedy*, and after construing the allegations of Grove's complaint most strongly in his favor, we find it does not appear beyond doubt that he can prove no set of facts entitling him to extraordinary relief in procedendo on his journalization claim. Grove alleged that Judge Nadel had not journalized his order denying his motion for transcript despite a motion to journalize the order. Absent journalization of the judgment, Grove cannot appeal it. Civ.R. 58; App.R. 4; *State ex rel. Grove v. Nadel* (1998), 80 Ohio St.3d 640, 641, 687 N.E.2d 762 (Lundberg Stratton, J., dissenting).

{¶ 9} Therefore, Grove's first and second propositions of law have merit to the extent they concern Grove's procedendo claim for journalization of Judge Nadel's January 16, 1997 decision.

{¶ 10} Grove asserts in his third and final proposition of law that the court of appeals erred in not issuing findings of fact and conclusions of law after granting Judge Nadel's Civ.R. 12(B)(6) motion and dismissing his procedendo complaint. But Grove's assertion lacks merit because a court makes no factual findings when it dismisses a complaint for failure to state a claim. *State ex rel. Drake v. Athens Cty. Bd. of Elections* (1988), 39 Ohio St.3d 40, 41, 528 N.E.2d 1253, 1254; Civ.R. 52.

{¶ 11} Based on the foregoing, we reverse the judgment of the court of appeals dismissing Grove's procedendo claim for journalization and remand that

portion of the cause to the court of appeals for further proceedings consistent with this opinion. We affirm the remainder of the judgment of the court of appeals.

*Judgment affirmed in part,*

*reversed in part*

*and cause remanded.*

MOYER, C.J., RESNICK, COOK and LUNDBERG STRATTON, JJ., concur.

DOUGLAS, F.E. SWEENEY and PFEIFER, JJ., dissent.

––––––––––––––––––

**DOUGLAS, J., dissenting.**

**{¶ 12}** I respectfully dissent. I would affirm the court of appeals in all respects.

F.E. Sweeney and Pfeifer, JJ., concur in the foregoing dissenting opinion.

––––––––––––––––––