[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 252.]

THE STATE EX REL. GROVE, APPELLANT, *v.* NADEL, JUDGE, APPELLEE.

[Cite as *State ex rel. Grove v. Nadel*, 1998-Ohio-541.]

*Complaint for writ of procedendo to compel common pleas court judge to journalize his decision denying relator's motion for a transcript properly dismissed by court of appeals, when.*

(No. 98-1478—Submitted November 10, 1998—Decided December 30, 1998.)

APPEAL from the Court of Appeals for Hamilton County, No. C-970324.

_____

{¶ 1} In April 1997, appellant, Mark Earl Grove, filed a complaint in the Court of Appeals for Hamilton County for a writ of procedendo to compel appellee, Hamilton County Court of Common Pleas Judge Norbert A. Nadel, to (1) issue findings of fact and conclusions of law on his January 1997 decision denying Grove's motion for a transcript, and (2) journalize his January 1997 decision. The court of appeals granted Judge Nadel's motion and dismissed Grove's complaint. The court of appeals subsequently denied Grove's motion for findings of fact and conclusions of law on the court's dismissal.

{¶ 2} On appeal, we reversed the judgment of the court of appeals dismissing Grove's procedendo claim for journalization and remanded that portion of the cause to the court of appeals for further proceedings. *State ex rel. Grove v. Nadel* (1998), 81 Ohio St.3d 325, 691 N.E.2d 275. We affirmed the remainder of the judgment of the court of appeals. *Id.*

{¶ 3} After remand, Judge Nadel moved to dismiss Grove's remaining procedendo claim based on mootness. Attached to the motion was Judge Nadel's order denying Grove's motion for a transcript, which was journalized on May 5, 1998. In June 1998, the court of appeals granted Judge Nadel's motion and dismissed Grove's procedendo action.

**{¶ 4}** This cause is now before the court upon an appeal as of right.

_____

*Mark Earl Grove, pro se.*

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Ronald W. Springman, Jr.*, Assistant Prosecuting Attorney, for appellee.

_____

***Per Curiam.***

**{¶ 5}** Grove asserts that the court of appeals erred in granting Judge Nadel's second motion to dismiss because it was contrary to this court's mandate and his trial court transmitted the wrong transcript in his appeal of right. For the following reasons, however, Grove's claims lack merit.

**{¶ 6}** First, the court correctly dismissed Grove's procedendo action on remand from this court because Judge Nadel had already performed the requested act, *i.e.*, he journalized his January 1997 decision denying Grove's motion for a copy of his transcript. Neither procedendo nor mandamus will compel the performance of a duty that has already been performed. *Martin v. Judges of the Lucas Cty. Court of Common Pleas* (1990), 50 Ohio St.3d 71, 72, 552 N.E.2d 906, 908. The court of appeals appropriately took judicial notice that Grove's procedendo action was moot based on the journalized entry submitted by Judge Nadel in his second motion to dismiss. See *State ex rel. Konoff v. Shafer* (1997), 80 Ohio St.3d 294, 295, 685 N.E.2d 1248, 1249.

**{¶ 7}** Second, Grove's claim that Judge Nadel erred in denying his motion for a copy of his trial transcript should be raised in an appeal from that journalized entry rather than in procedendo. Procedendo will not issue when the relator has an adequate legal remedy. *State ex rel. Miley v. Parrott* (1996), 77 Ohio St.3d 64, 65, 671 N.E.2d 24, 26; *State ex rel. Fogle v. Steiner* (1995), 74 Ohio St.3d 158, 164, 656 N.E.2d 1288, 1294.

2

**{¶ 8}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

––––––––––––––––––––