[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 70.]

THE STATE EX REL. COLLINS, APPELLANT, *v.* POKORNY, JUDGE, APPELLEE.

[Cite as *State ex rel. Collins v. Pokorny*, 1999-Ohio-343.]

*Procedendo—Court of appeals' dismissal of complaint upheld, when.*

(No. 99-74—Submitted May 4, 1999—Decided July 7, 1999.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 75290.

————————————

{¶ 1} In 1991, appellant, Larry Collins, was convicted of aggravated burglary and aggravated robbery and sentenced to an aggregate prison term of ten to twenty-five years. The court of appeals affirmed his conviction and sentence. *State v. Collins* (Feb. 4, 1993), Cuyahoga App. No. 61713, unreported, 1993 WL 27638.

{¶ 2} In July 1996, appellee, Cuyahoga County Common Pleas Court Judge Thomas J. Pokorny, denied Collins's motion for new trial, and in January 1997, Judge Pokorny denied Collins's motion for explanation or reconsideration of the denial of the new trial motion. In March 1997, the court of appeals denied Collins's request for a writ of mandamus to compel Judge Pokorny to issue findings of fact and conclusions of law on his July 1996 decision denying the motion for new trial. *State ex rel. Collins v. Pokorny* (Mar. 20, 1997), Cuyahoga App. No. 71960, unreported, 1997 WL 127189.

{¶ 3} In September 1998, Collins filed a complaint in the court of appeals for a writ of procedendo to compel Judge Pokorny to issue findings of fact and conclusions of law on the July 1996 denial of Collins's motion for new trial. Judge Pokorny filed a motion to dismiss. The court of appeals granted the motion and dismissed the action.

{¶ 4} This cause is now before the court upon an appeal as of right.

————————————

*Larry Collins, pro se*.

_____

***Per Curiam.***

**{¶ 5}** Collins asserts in his propositions of law that the court of appeals erred in dismissing his procedendo action. For the following reasons, Collins's assertion lacks merit.

**{¶ 6}** As the court of appeals correctly held, Judge Pokorny had no duty to issue findings of fact and conclusions of law when he denied Collins's Crim.R. 33 motion for a new trial. *State v. Girts* (1997), 121 Ohio App.3d 539, 565, 700 N.E.2d 395, 412; see, generally, *State ex rel. Grove v. Nadel* (1998), 81 Ohio St.3d 325, 326, 691 N.E.2d 275, 276.

**{¶ 7}** In addition, *res judicata* barred Collins from raising the same issue that he had raised in his previous mandamus action. *Russell v. Mitchell* (1999), 84 Ohio St.3d 328, 329, 703 N.E.2d 1249.

**{¶ 8}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____