OPINION
{¶ 1} This original action in procedendo is presently before this court for consideration of the motion to dismiss of respondents, Judge Thomas A. Campbell and Clerk Evelyn A. Shelton of the Trumbull County Central District Court. As the chief basis for the motion, respondents contend that the petition of relator, Christopher M. Doughty, fails to state a viable claim in procedendo because he has not alleged that there is any motion before that court upon which respondent Campbell has not made a decision. For the following reasons, we conclude that the motion to dismiss has merit.
 {¶ 2} Relator is presently an inmate at the Trumbull Correctional Institution, having been convicted of criminal offenses in both the Trumbull County Central District Court and the Trumbull County Court of Common Pleas. In bringing this action, relator seeks an order which would require respondents to respond to two letters he mailed to the Trumbull County Central District Court earlier this year. In support of his request for relief, relator has alleged the following in his procedendo petition: (1) in December 2001, respondent Campbell sentenced relator to a term of six months on a theft offense; (2) after beginning to serve the sentence at the Trumbull Correctional Institution, relator sent a letter to respondent Campbell asking for information about how much it would cost to obtain a transcript of the sentencing hearing in the underlying case; (3) when respondent Campbell did not answer this letter, relator mailed him a second letter on the same topic in April 2002; and (4) despite the fact that relator waited until August 2002 to bring this action, respondent Campbell did not send him an answer concerning the costs of a transcript.
 {¶ 3} In now moving to dismiss the procedendo petition, respondents essentially assert that relator has failed to pursue the correct legal action to obtain the relief he is seeking before this court. In support of this assertion, respondents note that the purpose of an action in procedendo is to compel a judicial officer to render a judgment on any pending matter. Based on this, they argue that a writ cannot lie in this instance because relator has not filed a proper motion before respondent Campbell on the transcript issue.
 {¶ 4} As a general proposition, a writ of procedendo is a civil judgment in which a court of superior jurisdiction orders a court of inferior jurisdiction to make a determination on a pending matter. Stateex rel. Grove v. Nadel (1998), 81 Ohio St.3d 325, 326. The writ is usually employed against a judge who either has refused to issue a judgment or has taken an inordinate amount of time to render a judgment.State ex rel. Weiss v. Hoover (1999), 84 Ohio St.3d 530, 532. Accordingly, to be entitled to a writ of procedendo, the relator must establish that: (1) he has a clear legal right to have a judgment rendered; (2) the respondent has a clear legal duty to issue the judgment; and (3) there is no other adequate legal remedy the relator could pursue. Id., at 531-532.
 {¶ 5} In the instant action, relator has admitted in his petition that respondent Shelton is the Clerk for the Trumbull County Central District Court; thus, since she is not a judge, there are no circumstances under which a writ of procedendo would lie against her. In addition, our review of relator's petition indicates that he has not alleged that he filed a proper motion before respondent Campbell on the transcript issue; instead, relator has alleged only that he mailed two letters to respondent Campbell. Therefore, because this is not a situation in which respondent Campbell has failed to rule upon a pending motion in the underlying case, relator's own allegations support the conclusion that he cannot satisfy the first two elements for a writ of procedendo.
 {¶ 6} As an aside, this Court would note that a writ of mandamus would have been the proper remedy for relator to pursue under these circumstances. However, as part of the motion to dismiss, respondent Campbell has submitted evidentiary materials indicating that, after the instant case had been filed, he sent a correspondence to relator about his transcript request. According to respondent Campbell, he informed relator that he had ordered the court reporter to prepare a transcript of the sentencing hearing, but that the court reporter had been unable to complete the task because the audio recording of the sentencing proceeding was defective. In light of this, respondent Campbell submits that even if relator had sought a writ of mandamus under R.C. 149.43, he still would not be entitled to prevail because a transcript simply cannot be produced.
 {¶ 7} In considering factual scenarios similar to the foregoing, the courts of this state have generally held that the trial judge or court reporter cannot be compelled to produce a written transcript of the hearing in question. See State ex rel. Biehl v. Moore (June 13, 1997), 9th Dist. No. 18463, 1997 Ohio App. LEXIS 2986; State ex rel. Whittakerv. Ct. of Common Pleas (Feb. 15, 2001), 8th Dist. No. 78718, 2001 Ohio App. LEXIS 680. The basis for this holding is that a writ of mandamus will not lie to require the judicial officer to perform an impossible act. Furthermore, the Biehl court emphasized that if the criminal defendant needed the transcript for purposes of appeal, he could always try to obtain an acceptable substitute for a transcript under App.R. 9(C) or (D).
 {¶ 8} In the instant case, relator has not disputed respondents' assertion that a transcript of the sentencing hearing cannot be produced as a result of the defect in the audiotape. Therefore, even if relator had requested a writ of mandamus in his petition, respondents would still ultimately prevail in the action because they cannot realistically be ordered to do an act which is impossible to perform. Instead of pursuing a writ of mandamus to compel the production of a transcript, relator would have to submit to respondent Campbell a proposed "statement of the evidence" concerning the sentencing hearing. In this document, relator would attempt to restate all remarks and evidence which were presented to respondent Campbell during the hearing. If this "statement" is accepted by both respondent Campbell and the prosecutor in the underlying case, it can be used as a substitute for the transcript. See App.R. 9(C).
 {¶ 9} In interpreting Civ.R. 12(B)(6), the Supreme Court of Ohio has indicated that a procedendo petition will be subject to dismissal if the nature of the relator's allegations are such that, even when those allegations are construed in a manner most favorable to the relator, it is apparent beyond doubt that he will be unable to prove a set of facts under which he would be entitled to relief. Grove, supra, at 326. In the instant action, the allegations in relator's petition are not sufficient to state a viable procedendo claim because he has not alleged that respondent Campbell has failed to render a timely decision on a pending matter. Accordingly, the dismissal of this action is warranted as to both respondents under Civ.R. 12(B)(6).
 {¶ 10} Pursuant to the foregoing analysis, respondents' motion to dismiss is granted. It is the order of this court that relator's procedendo petition is hereby dismissed.
WILLIAM M. O'NEILL, P.J., JUDITH A. CHRISTLEY, J., ROBERT A. NADER, J., concur.