ORIGINAL ACTION JOURNAL ENTRY AND OPINION
{¶ 1} On November 29, 2004, relator Keith Edwards commenced this procedendo action against the respondent, Judge Lillian J. Greene, to compel her to act on various motions filed in KeithEdwards v. Gary Croft, et al., Cuyahoga County Court of Common Pleas Case No. CV-04-523332. On December 27, 2004, and January 3, 2005, the Cuyahoga County Prosecutor's Office and the Ohio Attorney General's Office filed motions to dismiss which this court sua sponte converted to motions for summary judgment. For the following reasons, we grant the motions for summary judgment.
 {¶ 2} Initially we note that Edwards' petition for a writ of procedendo should be denied because it is improperly captioned. The application for a writ "must be by petition, in the name of the state on the relation of the person applying." Edwards also failed to name the appropriate respondent. The failure to caption a writ action properly constitutes sufficient grounds for dismissal of the petition. Allen v. Court of Common Pleas ofAllen Cty. (1962), 173 Ohio St. 226, 181 N.E.2d 270; Dunning v.Judge Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
 {¶ 3} We also note that Edwards failed to support his complaint with an affidavit "specifying the details of the claim" as required by Local Rule 45(B)(1)(a). State ex rel. Wilson v.Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077; State exrel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899.
 {¶ 4} Edwards also failed to comply with R.C. 2969.25 which mandates that he attach an affidavit to his complaint that describes each civil action or appeal of a civil action filed in the previous five years. The failure to provide such affidavit constitutes sufficient grounds for dismissal of the relator's complaint for a writ of mandamus. State ex rel. Zanders v. OhioParole Board, 82 Ohio St.3d 421, 1998-Ohio-218, 696 N.E.2d 594;State ex rel. Alford v. Winters, 80 Ohio St.3d 285,1997-Ohio-117, 685 N.E.2d 1242.
 {¶ 5} Notwithstanding the above, in order for this court to issue a writ of procedendo, Edwards must establish that: 1) he possesses a clear legal right to require Judge Greene to proceed to judgment; 2) Judge Greene possesses a clear legal duty to proceed to judgment; and 3) there exists no other adequate remedy in the ordinary course of the law. State ex rel. Grove v.Nadel, 81 Ohio St.3d 325, 1998-Ohio-541, 691 N.E.2d 275; Stateex rel. Crandall, Pheils Wisniewski v. DeCessna,73 Ohio St.3d 180, 1995-Ohio-98, 652 N.E.2d 742.
 {¶ 6} In the motions for summary judgment, respondents argue that there is no longer a duty to rule on the pending motions. We agree. A review of the docket indicates that Judge Greene dismissed the case on August 20, 2004.
 {¶ 7} Accordingly, we dismiss the writ for procedendo. Relator to bear costs. It is further ordered that the clerk shall serve upon all parties notice of this judgment and date of entry pursuant to Civ.R. 58(B).
Writ dismissed.
Dyke, J., concurs.
 Gallagher, J., concurs.