OPINION
{¶ 1} Appellant, First Hungarian Benefit of Barberton ("appellant"), appeals from the March 17, 2005 judgment of the Franklin County Court of Common Pleas, in which that court dismissed appellant's administrative appeal. For the reasons that follow, we reverse and remand.
 {¶ 2} Following a hearing before appellee, Ohio Liquor Control Commission ("appellee"), that agency ordered that appellant's liquor permit be suspended for five days and that appellant pay a fine. Appellant appealed to the court of common pleas pursuant to R.C. Chapter 119. On August 13, 2004, the trial court issued a nine-page decision reversing appellee's order. The court concluded its decision by advising, "[c]ounsel for First Hungarian shall prepare, circulate and file an appropriate judgment entry in accordance with Local Rule 25."
 {¶ 3} Though the record is silent as to the reason, it is undisputed that appellant submitted neither an unapproved nor an approved judgment entry to the trial court for signature and journalization. On March 17, 2005, the trial court, sua sponte, journalized an entry that stated, simply, "This Court filed a decision in the above case on August 13, 2004. Pursuant to that decision, counsel for First Hungarian was to prepare, circulate and file an appropriate judgment entry in accordance with Local Rule 25. No such entry was ever filed, therefore, this matter is dismissed for want of prosecution, costs to Plaintiff." The record discloses that the trial court gave no prior notice to appellant that the court was considering dismissal of the case.
 {¶ 4} Appellant timely appealed from the trial court's entry of dismissal, and asserts a single assignment of error for our review:
The Court of Common Pleas erred in dismissing Appellant's appeal from the Ohio Liquor Commission for want of prosecution.
 {¶ 5} Appellee elected not to file a brief in this case. Appellant filed its brief and waived oral argument, whereupon the case was submitted for our review.
 {¶ 6} We begin by recalling that "the power to dismiss for lack of prosecution is within the sound discretion of the trial court, and appellate review is confined solely to whether the trial court abused that discretion." Pembaur v. Leis (1982),1 Ohio St.3d 89, 91, 1 OBR 125, 437 N.E.2d 1199; Quonset Hut, Inc.v. Ford Motor Co. (1997) 80 Ohio St.3d 46, 50, 684 N.E.2d 319. However, "[j]udicial discretion must be carefully — and cautiously — exercised before [a reviewing court] * * * will uphold an outright dismissal of a case on purely procedural grounds." DeHart v. Aetna Life Ins. Co. (1982),69 Ohio St.2d 189, 192, 23 O.O.3d 210, 431 N.E.2d 644.
 {¶ 7} In the present case, the trial court dismissed appellant's appeal pursuant to Civ.R. 41(B)(1), which states, in pertinent part, "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to theplaintiff's counsel, dismiss an action or claim." (Emphasis added.) A dismissal for failure to prosecute is an involuntary dismissal and is deemed to be a dismissal upon the merits unless the court expressly states otherwise. McCann v. City ofLakewood (1994), 95 Ohio App.3d 226, 231, 642 N.E.2d 48, discretionary appeal not allowed (1994), 70 Ohio St.3d 1465,640 N.E.2d 527. In the instant case, because the court did not otherwise specify, its dismissal of appellant's appeal was with prejudice to future refiling.
 {¶ 8} Dismissal with prejudice is an extremely harsh sanction and contrary to the fundamental preference for deciding cases on their merits. Jones v. Hartranft (1997), 78 Ohio St.3d 368,371, 678 N.E.2d 530. Accordingly, even if the court follows the proper procedure in dismissing a case, such a dismissal will be upheld only if the conduct of a party or his counsel is sufficiently "negligent, irresponsible, contumacious, or dilatory" as to provide substantial grounds for the dismissal.Tokles Son, Inc. v. Midwestern Indemn. Co. (1992),65 Ohio St.3d 621, 632, 605 N.E.2d 936.
 {¶ 9} The plain language of Civ.R. 41(B)(1) mandates that a trial court provide prior notice to the party facing a dismissal of its action or claim with prejudice; that is, the notice of dismissal and the dismissal itself may not be accomplished simultaneously. Rather, the court may only dismiss for failure to prosecute "after" giving notice of its intent to do so. QuonsetHut, supra, at 48. The purpose of notice is to, "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Logsdon v. Nichols (1995),72 Ohio St.3d 124, 128, 647 N.E.2d 1361. The trial court in this case failed to comply with the notice requirement in Civ.R. 41(B), which is an abuse of discretion and requires reversal.
 {¶ 10} Moreover, the trial court failed to follow Sup.R. 7, which provides, in pertinent part, "[t]he judgment entry specified in Civil Rule 58 and in Criminal Rule 32 shall be filed and journalized within thirty days of the verdict, decree, or decision. If the entry is not prepared and presented by counsel, it shall be prepared and filed by the court." Sup.R. 7(A). "This rule establishes that the trial court has the primary duty to journalize its decision within thirty days after rendering the same." State ex rel. Grove v. Nadel (1998), 81 Ohio St.3d 325,327, 691 N.E.2d 275, reconsideration denied (1998),82 Ohio St.3d 1416, 694 N.E.2d 77, quoting Kennedy v. Cleveland (1984),16 Ohio App.3d 399, 401-402, 16 OBR 469, 476 N.E.2d 683. Instead of discharging this duty, however, the trial court in the present case dismissed appellant's appeal without prior notice. As discussed above, this was reversible error.
 {¶ 11} In consideration of all of the foregoing, we find that the court of common pleas abused its discretion when it dismissed appellant's appeal for failure to prosecute, with no prior notice of its intent to dismiss the case. Accordingly, we sustain appellant's sole assignment of error, reverse the judgment of the Franklin County Court of Common Pleas, and remand this matter to that court for further proceedings.
Judgment reversed; cause remanded.
McGrath and Travis, JJ., concur.