OPINION
{¶ 1} This matter came before the Court upon a Complaint for the issuance of a Writ of Mandamus filed by Relator Edward J. Kula. Respondent is Judge Thomas White, who has filed a Motion to Dismiss the Complaint. Relator has filed a response in opposition to the Motion to Dismiss.
 {¶ 2} Relator was before Respondent on two separate cases. In the first case, 05CR060, Relator pled guilty to one count of Non Support of Dependants, in violation of R.C. 2919.21(B), a felony of the fifth degree. In the second case, 07CR033, Relator pled guilty to four counts of Non Support of Dependants, in violation of R.C. 2919.21(B), all felonies of the fourth degree. Relator also pled guilty to one count of Failure to Appear, in violation of R.C. 2937.99(A), a felony of the fourth degree. By journal entry dated October 2, 2007, Respondent sentenced Appellant to six months in Case Number 05CR060, eight months on each of the four Non Support of Dependants counts in Case Number 07CR033, and ten months on the Failure to Appear count. All sentences were ordered to be served consecutively for a total sentence of 48 months.
 {¶ 3} Relator did not appeal this sentence. Instead, Relator filed a motion with the trial court on February 29, 2008, to "Vacate October 2, 2007, Non-Final Order and Resentence Defendant" suggesting the order was not a final order pursuant to Crim. R. 32. Respondent denied the motion on April 9, 2008. Relator did not file an appeal from this entry.
 {¶ 4} To be entitled to the issuance of a writ of mandamus, relator must demonstrate: (1) a clear legal right to the relief prayed for; (2) a clear legal duty on the respondent's part to perform the act; and, (3) that there exists no plain and adequate *Page 3 
remedy in the ordinary course of law. State ex rel. Master v.Cleveland (1996), 75 Ohio St.3d 23, 26-27, 661 N.E.2d 180; State ex rel.Harris v. Rhodes (1978), 5 Ohio St.2d 41, 324 N.E.2d 641, citingState ex rel. National City Bank v. Bd. of Education (1977),520 Ohio St.2d 81, 369 N.E.2d 1200.
 {¶ 5} In this case, the trial court issued findings of guilt by entries dated December 1, 2005, and September 25, 2007. Appellant was sentenced by an entry dated October 2, 2008. The sentencing entry did not contain any reference to the method in which Appellant had been found guilty, i.e. that he entered a guilty plea.
 {¶ 6} The Supreme Court has held multiple documents cannot be read together to form a final, appealable order, "[Allowing multiple documents to constitute a final appealable order, is also an erroneous interpretation of the rule. Only one document can constitute a final appealable order. "[Crim. R. 32(C)] now requires that a judgment in a criminal case be reduced to writing signed by the judge and entered by the clerk." Tripodo, 50 Ohio St.2d at 127, 4 O.O.3d 280, 363 N.E.2d 719.
 {¶ 7} We now hold that a judgment of conviction is a final appealable order under R.C. 2505.02 when it sets forth, (1) the guilty plea, the jury verdict, or the finding of the court upon which the conviction is based; (2) the sentence; (3) the signature of the judge; and (4) entry on the journal by the clerk of court. Simply stated, a defendant is entitled to appeal an order that sets forth the manner of conviction and the sentence." State v. Baker, 119 Ohio St.3d 197, 200-201,893 N.E.2d 163, 167 (Ohio,2008). *Page 4 
 {¶ 8} In Dunn v. Smith, 2008-Ohio-4565, a case which is factually indistinguishable from the instant case[1], the Supreme Court held "because the sentencing entry did not contain the guilty plea, the jury verdict, or the court finding upon which the convictions were based, [the defendant] is correct that it did not constitute a final, appealable order." Id. at *1. Further, the Supreme Court inDunn held, "If the trial court refuses upon request to issue a revised sentencing entry, [a defendant] can compel the court to act through an action for a writ of mandamus or a writ of procedendo. State ex rel.Grove v. Nadel (1998), 81 Ohio St.3d 325, 327, 691 N.E.2d 275;Kennedy v. Cleveland (1984), 16 Ohio App.3d 399, 401-402, 16 OBR 469,476 N.E.2d 683; see also, Cleveland v. Trzebuckowski (1999),85 Ohio St.3d 524, 527, 709 N.E.2d 1148."
 {¶ 9} Relator is entitled to have Respondent issue an order from which Relator may appeal. Relator has no adequate remedy at law as this Court only has jurisdiction to review final orders. See, generally, Section 3(B)(2), Article IV, Ohio Constitution, R.C.2505.02.
 {¶ 10} A writ of mandamus is issued. Respondent shall provide Relator with a final, appealable order. *Page 5 
 {¶ 11} MOTION DENIED.
 {¶ 12} WRIT ISSUED.
 {¶ 13} COSTS TAXED TO RESPONDENT.
Gwin, J., Hoffman, P.J. and Wise, J., concur.
 JUDGMENT ENTRY
For the reasons stated in the Memorandum-Opinion on file, Relator's Writ of Mandamus is hereby issued. Costs taxed to Respondent.
[1] The trial court in Dunn issued an entry finding Dunn guilty and scheduled a sentencing hearing. Thereafter, the trial court issued an entry which noted Dunn had been convicted of the charges and contained Dunn's sentence. *Page 1