[Cite as *Guardian Alarm Co. v. Portentoso*, 2012-Ohio-4657.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SENECA COUNTY

GUARDIAN ALARM COMPANY,

    PLAINTIFF-APPELLEE,                CASE NO.  13-12-20

    v.

NICHOLAS PORTENTOSO,           O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Fostoria Municipal Court**
**Trial Court No. CVF0900014**

**Judgment Affirmed**

**Date of Decision:   October 9, 2012**

---

APPEARANCES:

    *Charles R. Hall, Jr.*  **for Appellant**

    *Alvin I. Gilmore*  **for Appellee**

**PRESTON, J.**

{¶1} Defendant-appellant, Nicholas Portentoso, appeals the Fostoria Municipal Court's judgment awarding $2,472.15 in damages to plaintiff-appellee, Guardian Alarm Company, and denying Guardian's motion for voluntary dismissal. Portentoso contends that the award exceeded the $15,000 jurisdictional limit for a municipal court, and that the trial court erred by denying the motion for a voluntary dismissal. For the reasons that follow, we affirm.

{¶2} On January 13, 2009, Guardian filed a complaint against Portentoso alleging he owed the company $14,973.32 following the termination of his employment. (Doc. No. 1). On March 3, 2009, Portentoso filed his answer and counterclaim. (Doc. No. 5).

{¶3} On August 17, 2009, Guardian filed an amended complaint specifying that Portentoso owed Guardian $14,999.00 because the company had paid him more in draws than he earned in commission. (Doc. No. 18). Guardian alleged that its contract with Portentoso required him to repay the company that amount after the termination of his employment. (*Id.*). Portentoso filed his answer to the amended complaint on September 1, 2009. (Doc. No. 24)

{¶4} The matter proceeded to a bench trial on September 15, 2010. (Doc. No. 35). On November 24, 2010, the trial court filed its judgment entry, finding that, according to his employment contract, Portentoso owed Guardian $17,445.47

for draws he had received prior to the termination of his employment. (Doc. No. 35). The trial court further found that pursuant to R.C. 1901.017, its monetary jurisdiction could not exceed $15,000. (*Id.*). The trial court ordered Portentoso to pay Guardian monetary damages in the amount of $15,000. (*Id.*).

{¶5} On November 29, 2010, Portentoso filed a motion requesting that the trial court issue findings of fact and conclusions of law. (Doc. No. 37). On December 1, 2010, the trial court denied Portentoso's motion because its November 24, 2010 judgment entry contained specific findings of fact and conclusions of law. (*Id.*).

{¶6} On December 20, 2010, Portentoso filed a notice of appeal. (Doc. No. 40). This Court found that Guardian failed to provide sufficient evidence pertaining to Portentoso's employment in 2004, but that Guardian had sustained its burden of proof for Portentoso's employment in 2005. *Guardian Alarm Co. v. Portentoso*, 3d Dist. No. 13-10-54, 2011-Ohio-5443, ¶ 26. This Court further held that the trial court should have granted Portentoso's Civ.R. 41(B)(2) motion to dismiss as it pertained to his 2004 employment, but we affirmed the trial court's decision as it pertained to the repayment of any money Portentoso owed as a result of his 2005 employment. (*Id.* at ¶ 27).

{¶7} Subsequent to this Court's decision, Portentoso filed a motion requesting that the trial court accept his proposed judgment entry awarding

Guardian $26.68. (Doc. No. 50). Portentoso argued that Guardian had claimed he owed $14,973.32 for 2004, and the $15,000 in damages the trial court had awarded minus the $14,973.32 this Court held Guardian failed to prove resulted in $26.68 in damages. (*Id.*). On March 1, 2012, Guardian filed a notice of dismissal without prejudice pursuant to Civ.R. 41(A). (Doc. No. 53).

**{¶8}** On April 5, 2012, the trial court filed its judgment entry on remand. (Doc. No. 54). The trial court overruled Portentoso's motion for a proposed judgment entry, holding it did not conform to this Court's decision. (*Id.*). The trial court also struck Guardian's notice of dismissal from the record, finding that the notice was a nullity pursuant to Civ.R. 41(A)(1)(a) because a plaintiff can only file such a notice prior to trial. (*Id.*). The trial court found that Portentoso owed $2,472.15 from his 2005 employment and awarded that amount to Guardian. (*Id.*).

**{¶9}** On April 27, 2012, Portentoso filed a notice of appeal. (*Id.*). Portentoso now raises two assignments of error for our review. We elect to address Portentoso's second assignment of error first.

### Assignment of Error No. II

**The trial court erred in denying the Appellee's Voluntary Dismissal pursuant to Ohio Rule of Civil Procedure 41(B).**

**{¶10}** In his second assignment of error, Portentoso argues the trial court abused its discretion by striking Guardian's notice of dismissal. Portentoso contends that although Guardian filed the notice after the trial was completed,

Guardian failed to prosecute the case, and the trial court should have dismissed the case pursuant to Civ.R. 41(B) if it could not do so pursuant to Civ.R. 41(A).

**{¶11}** The decision to grant or deny a motion to dismiss is reviewed for an abuse of discretion. *Jeffers v. Athens Cty. Commrs.*, 4th Dist. Nos. 10CA3, 10CA15, 2011-Ohio-675, ¶ 13; *Hatcher v. Heiner's Bakery, Inc.*, 4th Dist. No. 95CA2400, *3 (Dec. 4, 1996). An abuse of discretion suggests the trial court's decision is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

**{¶12}** Civ. R. 41(A) establishes three ways a plaintiff can voluntarily dismiss its own case without prejudice. *Olynk v. Scoles*, 114 Ohio St.3d 56, 2007-Ohio-2878, ¶ 9, citing *Frysinger v. Leech*, 32 Ohio St.3d 38, 42 (1987). The plaintiff can file a written notice of dismissal before the trial begins, the plaintiff can file a stipulation of dismissal signed by all the parties, or the plaintiff can request that the trial court dismiss the case. *Id.*; Civ. R. 41(A). Specifically, Civ.R. 41(A)(1) states that a plaintiff may dismiss all claims asserted against the defendant without an order of the trial court by:

> (a) filing a notice of dismissal at any time before the commencement of trial unless a counterclaim which cannot remain pending for independent adjudication by the court has been served by that defendant;

(b) filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits of any claim that the plaintiff has once dismissed in any court.

**{¶13}** In the present case, Guardian filed a notice voluntarily dismissing its complaint without prejudice pursuant to Civ.R. 41(A). (Doc. No. 53). "Civ. R. 41(A) allows the voluntary dismissal of an action by the plaintiff at any time before the commencement of trial." *State ex. rel. Avellone v. Bd. of Cty. Commrs. Of Lake Cty.*, 60 Ohio App.3d 127, 128 (11th Dist.1989). Guardian filed its motion after this Court remanded the case following Portentoso's appeal. Consequently, Guardian did not comply with Civ.R. 41(A)(1)(a) by filing its notice of dismissal prior to the commencement of trial, and the trial court should not consider such an inappropriately filed notice of dismissal. *See id*. Guardian's notice of dismissal was not signed by Portentoso, so Guardian also did not comply with Civ.R. 41(A)(1)(b), which requires the stipulation of dismissal to be signed by all the parties who have appeared in the case. Thus, Guardian's notice of dismissal did not comply with either section of Civ.R. 41(A)(1). We cannot find that the trial court abused its discretion by striking the notice of dismissal from the record on that basis.

{¶14} Civ.R. 41(A)(2) states that, "[e]xcept as provided in division (A)(1) of this rule, a claim shall not be dismissed at the plaintiff's instance except upon order of the court and upon such terms and conditions as the court deems proper." Here, Guardian did not request that the trial court dismiss its case. Rather, Guardian filed a document titled "Dismissal Without Prejudice," stating, "[n]ow comes plaintiff * * * pursuant to Ohio Civil Rule 41(A), who does hereby dismiss its Complaint against Defendant without prejudice, at Plaintiff's costs." (Doc. No. 53). We cannot find that the trial court erred in determining Guardian had filed a notice of dismissal pursuant to Civ.R. 41(A)(1) rather than a request for dismissal pursuant to Civ.R. 41(A)(2) since Guardian failed to ask that the trial court issue an order dismissing the case. (*Id*.). Instead, Guardian informed Portentoso and the trial court that it was dismissing its complaint. (Doc. No. 53). Civ.R. 41(A)(2) requires the plaintiff to seek the trial court's approval before dismissing the complaint. We cannot find that the trial court abused its discretion by striking Guardian's notice of dismissal rather than treating it as a motion pursuant to Civ.R. 41(A)(2), given that Guardian failed to comply with the rule.

{¶15} Portentoso argues that even if Guardian's notice of dismissal did not comply with Civ.R. 41(A), the trial court abused its discretion by failing to grant the motion pursuant to Civ.R. 41(B)(1). Civ.R. 41(B)(1) states, "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court

upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."   A dismissal for lack of prosecution is a harsh remedy requiring prior notice to the plaintiff.  *Stanek v. Somerville*, 8th Dist. No. 78473, *2 (July 5, 2001).  As a result, "such a dismissal will be upheld only if the conduct of a party or his counsel is sufficiently 'negligent, irresponsible, contumacious, or dilatory' as to provide substantial grounds for the dismissal."  *First Hungarian Benefit of Barberton v. Ohio Liquor Control Comm.*, 10th Dist. No. 05AP-625, 2005-Ohio-6621, ¶ 8, quoting *Tokles & Son, Inc. v. Midwestern Indemn. Co.*, 65 Ohio St.3d 621, 632 (1992).

{¶16} Here, Portentoso did not file a motion pursuant to Civ.R. 41(B)(1) requesting that the trial court dismiss the case because Guardian had failed to prosecute it.  Consequently, the trial court could only have acted on its own motion.  The record lacks any evidence that Guardian failed to properly pursue its case, that Guardian's actions were "negligent, irresponsible, contumacious, or dilatory," or that the trial court had given Guardian notice that its case would be dismissed for lack of prosecution. *Tokles & Son* at 632.  Thus, we cannot find that the trial court abused its discretion by failing to, by its own motion, find that Guardian did not prosecute its case.

{¶17} Portentoso's second assignment of error is, therefore, overruled.

### Assignment of Error No. I

**The trial court erred in failing to follow the mandate of the court of appeals on remand.**

{¶18} In his first assignment of error, Portentoso argues the trial court erred by not following this Court's mandate on remand. Portentoso contends that, by awarding Guardian $2,472.15, the trial court must have reduced Guardian's award by $14,973.32 from $17,445.47. Portentoso argues the trial court's monetary jurisdiction cannot exceed $15,000, so the trial court erred by calculating the damage award based on $17,445.47.

{¶19} The doctrine of the law of the case "provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings * * *." *Nolan v. Nolan*, 11 Ohio St.3d 1, 3 (1984), citing *Gohman v. St. Bernard*, 111 Ohio St. 726, 230 (1924), reversed on other grounds. The doctrine is a rule of practice and not a binding rule of substantive law. *Nolan* at 3. The Supreme Court of Ohio has stated that "the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution." *Id*. Consequently, the trial court is required to follow the mandate of the reviewing court and lacks authority to extend or vary that mandate. *Id*. at 3-4.

**{¶20}** In the present case, this Court instructed the trial court to award Guardian any money Portentoso owed as a result of his 2005 employment, but held the trial court could not award Guardian any money it claimed was owed as a result of Portentoso's 2004 employment. *Guardian Alarm Co. v. Portentoso*, 3d Dist. No. 13-10-54, 2011-Ohio-5443, at ¶ 27. This Court specifically stated:

> we reverse the judgment of the trial court as it pertains to the repayment of any money relating to appellant's employment with appellee prior to January 1, 2005, we affirm the decision of the trial court as it pertains to the repayment of any money owed as a result of appellant's employment with appellee during 2005, and we remand for further proceedings consistent with this opinion.

*Id.* On remand, the trial court found that Guardian had paid Portentoso $2,472.15 in excess of his commission during his 2005 employment. (Doc. No. 54). The trial court then awarded Guardian that amount in damages. (*Id.*).

**{¶21}** R.C. 1901.17 governs the monetary jurisdiction of municipal courts. The statute states, "[a] municipal court shall have original jurisdiction only in those cases in which the amount claimed by any party, or the appraised value of the personal property sought to be recovered, does not exceed fifteen thousand dollars * * *." R.C. 1901.17. Here, Guardian's amended complaint sought $14,999.00, which is within the monetary jurisdiction of the municipal court.

(Doc. No. 18); R.C. 1901.17. On remand, the trial court awarded Guardian $2,472.15, which is also within its monetary jurisdiction. (Doc. No. 54).

{¶22} Additionally, the trial court's November 24, 2010 judgment entry awarding Guardian $15,000 does not specify how much of the award was composed of draws the trial court had found exceeded Portentoso's commission from his 2004 employment and how much was from his 2005 employment. (Doc. No. 35). Thus, there is no evidence that the trial court's original $15,000 award was comprised of $14,973.32 from Portentoso's 2004 employment and $26.68 from his 2005 employment as he contends. Furthermore, the trial court's award of $2,472.15 to Guardian is clearly consistent with this Court's opinion where we affirmed the trial court's finding that Portentoso had received excessive draws in that amount and held that Guardian was entitled to repayment. *Guardian Alarm* at ¶ 27. We cannot find that the trial court's award to Guardian was contrary to this Court's mandate on remand.

{¶23} Portentoso's first assignment of error is, therefore, overruled.

{¶24} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**SHAW, P.J., concurs .**
**ROGERS, J., concurs in Judgment Only.**

**/jlr**

-11-