[Cite as *State ex rel. Washington v. Breux*, 2019-Ohio-3088.]

STATE OF OHIO       )             IN THE COURT OF APPEALS
                   )ss:           NINTH JUDICIAL DISTRICT
COUNTY OF SUMMIT   )

STATE EX REL. JIMMIE L. WASHINGTON

      Relator

      v.

HONORABLE ALISON BREAUX

      Respondent

C.A. No. 29436

ORIGINAL ACTION IN PROCEDENDO

Dated: July 31, 2019

PER CURIAM.

{¶1} Relator, Jimmie L. Washington, has petitioned this Court for a writ of procedendo to compel Respondent, Judge Breaux, to rule on two motions he filed. Judge Breaux has moved to dismiss and attached a copy of a journal entry that denied Mr. Washington's motions. The trial court docket demonstrates that Judge Breaux has entered an order that denies the pending motions. Because Judge Breaux has ruled on the motions, Mr. Washington's claim is moot, and this Court dismisses his complaint.

{¶2} To be entitled to a writ of procedendo, Mr. Washington must establish a clear legal right to require Judge Breaux to proceed, a clear legal duty on the part of Judge Breaux to proceed, and a lack of an adequate remedy in the ordinary course of law. *State ex rel. Miley v. Parrott, Judge*, 77 Ohio St.3d 64, 65 (1996). Procedendo is the

appropriate remedy when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *See, e.g., State ex rel. CNG Financial Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, ¶ 20. It is well-settled that procedendo will not "compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 1998-Ohio-541.

{¶3} Mr. Washington sought a writ of procedendo to order Judge Breaux to rule on his motions. This Court may consider evidence outside the complaint to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to Judge Breaux's motion to dismiss, and a review of the trial court docket, Judge Breaux has ruled on all of Mr. Washington's pending motions. Accordingly, this matter is moot.

{¶4} Because Mr. Washington's claim is moot, his complaint is dismissed. Costs are taxed to Mr. Washington. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

THOMAS A. TEODOSIO
FOR THE COURT

HENSAL, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JIMMIE L. WASHINGTON, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.