[Cite as *State ex rel. Lewis v. Summit Cty. Court of Common Pleas*, 2019-Ohio-3874.]

| | |
|---|---|
| STATE OF OHIO )<br>)ss:<br>COUNTY OF SUMMIT ) | IN THE COURT OF APPEALS<br>NINTH JUDICIAL DISTRICT |

| | |
|---|---|
| STATE EX REL. JOHNNL LEWIS<br><br>    Relator<br><br>    v.<br><br>SUMMIT COUNTY COURT OF<br>COMMON PLEAS<br><br>    Respondent | C.A. No.  29390<br><br><br><br><br>ORIGINAL ACTION IN<br>PROCEDENDO |

Dated:  September 25, 2019

PER CURIAM.

**{¶1}**    Relator, Johnnl Lewis, has petitioned this Court for a writ of procedendo to compel Respondent, Summit County Court of Common Pleas to rule on a motion to vacate he filed.  The court of common pleas filed an answer and motion for summary judgment, both of which demonstrated that the court had ruled on the motion.  Mr. Lewis did not respond.  The answer, motion, and trial court docket demonstrate that the motion has been ruled on.  Therefore, Mr. Lewis's claim is moot, and this Court dismisses his complaint.

**{¶2}**    To be entitled to a writ of procedendo, Mr. Lewis must establish a clear legal right to require respondent to proceed, a clear legal duty on the part of respondent to proceed, and a lack of an adequate remedy in the ordinary course of law.  *State ex rel.*

*Miley v. Parrott, Judge*, 77 Ohio St.3d 64, 65 (1996). Procedendo is the appropriate remedy when a court has refused to render a judgment or has unnecessarily delayed proceeding to judgment. *See, e.g., State ex rel. CNG Financial Corp. v. Nadel*, 111 Ohio St.3d 149, 2006-Ohio-5344, ¶ 20. It is well-settled that procedendo will not "compel the performance of a duty that has already been performed." *State ex rel. Grove v. Nadel*, 84 Ohio St.3d 252, 253, 1998-Ohio-541.

{¶3} Mr. Lewis sought a writ of procedendo to order the court to rule on his motion. This Court may consider evidence outside the complaint to determine that an action is moot. *State ex rel. Nelson v. Russo*, 89 Ohio St.3d 227, 228 (2000). According to the answer and motion for summary judgment, along with a review of the trial court docket, the trial court has ruled on Mr. Lewis's motion. Accordingly, this matter is moot.

{¶4} Because Mr. Lewis's claim is moot, his complaint is dismissed. Costs are taxed to Mr. Lewis. The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

THOMAS A. TEODOSIO
FOR THE COURT

CARR, J.
SCHAFER, J.
CONCUR.

APPEARANCES:

JOHNNL LEWIS, Pro se, Relator.

SHERRI BEVAN WALSH, Prosecuting Attorney, and COLLEEN SIMS, Assistant Prosecuting Attorney, for Respondent.