THE STATE EX REL. KONOFF, APPELLANT, *v.* SHAFER, APPELLEE.

[Cite as *State ex rel. Konoff v. Shafer* (1997), 80 Ohio St.3d 294.]

(No. 97–1291—Submitted October 7, 1997—Decided November 19, 1997.)

---

Rodney L. Konoff, pro se.

Betty D. Montgomery, Attorney General, and Brian M. Zets, Assistant Attorney General, for appellee.

***

**Per Curiam.** Konoff asserts in his first proposition of law that the court of appeals erred by dismissing his complaint based on mootness without considering his motion for summary judgment and memorandum in opposition to the motion to dismiss. It is, however, not evident that the court of appeals failed to consider Konoff's motion and memorandum. See Gaskins v. Shiplevy (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1196 (no showing by appellant to contradict regularity accorded all judicial proceedings); see, also, State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn. (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 155 ("when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it"). In addition, the court of appeals properly dismissed Konoff's complaint based on mootness. See, e.g., State ex rel. Findlay Publishing Co. v. Schroeder (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837 (courts may take judicial notice of evidence of mootness in determining Civ.R. 12 motion to dismiss).

Konoff asserts in his second proposition of law that the court of appeals erred in overruling his motion to amend. But even assuming, as Konoff claimed, that Shafer failed to correct all of Konoff's prison records, Konoff would not have been entitled to the requested writ of mandamus. See State ex rel. Yonkings v. Ohio Dept. of Rehab. & Corr. (Oct. 28, 1993), Franklin App. No. 93AP-655, unreported, 1993 WL 435190, affirmed (1994), 69 Ohio St.3d 70, 630 N.E.2d 365 (writ of mandamus to correct prison record to reflect correct aggregate·minimum sen-

tence under R.C. 2929.41[E][2] denied because declaratory judgment constituted adequate remedy); *Schrader v. Vilevac* (Jan. 31, 1996), Lorain App. No. 95CA006187, unreported, 1996 WL 37762 (writ of mandamus to compel compliance with R.C. 2929.41[E][2] will not lie because there was no evidence of any present injury to inmate).

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.