[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 294.]

THE STATE EX REL. KONOFF, APPELLANT, *V.* SHAFER, APPELLEE.

[Cite as *State ex rel. Konoff v. Shafer*, 1997-Ohio-119.]

*Mandamus to compel records custodian to correct aggregate minimum term of incarceration pursuant to former R.C. 2929.41(E)(2)—Dismissal of complaint affirmed.*

(No. 97-1291—Submitted October 7, 1997—Decided November 19, 1997.)

APPEAL from the Court of Appeals for Richland County, No. 97-CA-38.

_____

{¶ 1} In July 1990, the Ottawa County Court of Common Pleas convicted appellant, Rodney L. Konoff, of attempted murder, attempted rape, aggravated burglary, two counts of felonious assault, and a firearm specification. *State v. Konoff* (Nov. 1, 1991), Ottawa App. No. 90-OT-036, unreported, 1991 WL 224991. The common pleas court sentenced Konoff to consecutive prison terms of seven to twenty-five years, twelve to fifteen years, fifteen to twenty-five years, twelve to fifteen years, twelve to fifteen years, and three years of actual incarceration. *Id.*

{¶ 2} In April 1997, Konoff filed a complaint in the Court of Appeals for Richland County for a writ of mandamus to compel Sandra Shafer, Records Custodian of Mansfield Correctional Institution, to correct his prison record to reflect an aggregate minimum term of fifteen years plus three years of actual incarceration for the firearm specification pursuant to former R.C. 2929.41(E)(2).[1] Shafer filed a motion to dismiss based on mootness. In an affidavit attached to her

_____

1. Former R.C. 2929.41(E) provided:

"Consecutive terms of imprisonment imposed shall not exceed:

"* * *

"(2) An aggregate minimum term of fifteen years plus the sum of all three-year terms of actual incarceration imposed pursuant to section 2929.71 of the Revised Code." Sub.H.B. No. 65, 142 Ohio Laws, Part I, 1886.

motion to dismiss, Shafer noted that Konoff's records do show that his aggregate minimum sentence is fifteen years plus three years of actual incarceration. Konoff then filed a motion to amend his complaint. Konoff claimed that his records in various prison departments still contained incorrect aggregate minimum terms. Konoff also filed a motion for summary judgment and a memorandum in opposition to Shafer's motion to dismiss. The court of appeals granted Shafer's motion to dismiss and overruled Konoff's motion to amend.

{¶ 3} This cause is now before the court upon an appeal as of right.

_____

*Rodney L. Konoff, pro se.*

*Betty D. Montgomery*, Attorney General, and *Brian M. Zets*, Assistant Attorney General, for appellee.

_____

*Per Curiam.*

{¶ 4} Konoff asserts in his first proposition of law that the court of appeals erred by dismissing his complaint based on mootness without considering his motion for summary judgment and memorandum in opposition to the motion to dismiss. It is, however, not evident that the court of appeals failed to consider Konoff's motion and memorandum. See *Gaskins v. Shiplevy* (1996), 76 Ohio St.3d 380, 382, 667 N.E.2d 1194, 1996 (no showing by appellant to contradict regularity accorded all judicial proceedings); see, also, *State ex rel. Cassels v. Dayton City School Dist. Bd. of Edn.* (1994), 69 Ohio St.3d 217, 223, 631 N.E.2d 150, 155 ("when a trial court fails to rule upon a pretrial motion, it may be presumed that the court overruled it"). In addition, the court of appeals properly dismissed Konoff's complaint based on mootness. See, *e.g., State ex rel. Findlay Publishing Co. v. Schroeder* (1996), 76 Ohio St.3d 580, 581, 669 N.E.2d 835, 837 (courts may take judicial notice of evidence of mootness in determining Civ.R. 12 motion to dismiss).

{¶ 5} Konoff asserts in his second proposition of law that the court of appeals erred in overruling his motion to amend. But even assuming, as Konoff claimed, that Shafer failed to correct all of Konoff's prison records, Konoff would not have been entitled to the requested writ of mandamus. See *State ex rel. Yonkings v. Ohio Dept. of Rehab. & Corr.* (Oct. 28, 1993), Franklin App. No. 93AP-655, unreported, 1993 WL 435190, affirmed (1994), 69 Ohio St.3d 70, 630 N.E.2d 365 (writ of mandamus to correct prison record to reflect correct aggregate minimum sentence under R.C. 2929.41[E][2] denied because declaratory judgment constituted adequate remedy); *Schrader v. Vilevac* (Jan. 31, 1996), Lorain App. No. 95CA006187, unreported, 1996 WL 37762 (writ of mandamus to compel compliance with R.C. 2929.41[E][2] will not lie because there was no evidence of any present injury to inmate).

{¶ 6} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

―――――――――――