OPINION AND JOURNAL ENTRY
On August 23, 2000, pro se Petitioner filed a Petition for Writ of Mandamus seeking an order to compel Respondent to issue a ruling on Petitioner's Motion for Summary Judgment filed in Common Pleas Case No. 98CV2558. Attached to the Petition is a copy of the docket sheet for the above case, noting that a Motion for Summary Judgment was filed therein on April 6, 1999, with a reply filed on May 11, 1999. The docket further reflects that Petitioner filed a Moti on for Default Judgment in that case on July 27, 1999.
On September 29, 2000, this court put on an order granting Respondent twenty-eight days to file an Answer or otherwise plead. Respondent thereafter requested several leaves to plead in response to the Petition.
On April 4, 2000, Respondent filed a Motion to Dismiss this Petition as moot. Respondent granted leave as of that date to file a pleading in response to the Petition. Attached to the Motion is a certified copy of a judgment entry filed by Respondent in Case No. 98CV2558, which order grants defendant's Motion for Summary Judgment in that case. Such action by Respondent moots the underlying Petition. Respondent further points out that the appropriate action to file is one in procedendo, not mandamus. State ex rel. Harrell v. Court of Common Pleas (May 13, 1999), Cuyahoga App. No. 76098, unreported. Moreover, it is established law that mootness is a basis upon which to dismiss a Petition for Writ of Mandamus. See State ex rel. Konoff v. Shafer (1997), 80 Ohio St.3d 294.
In this case, the granting of summary judgment in favor of defendant in the subject case is tantamount to the trial court overruling Petitioner's Motion for Summary Judgment. There now exists an adequate remedy at law to challenge such judgment.
 Petition for Writ of Mandamus is dismissed as moot. Costs taxed against Petitioner. Final order. Clerk to serve a copy of this opinion and journal entry on the part ies as provided by the civil rules.
Vukovich, J., Waite, J., and O'Neill, J., concur.