JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiffs Nick and Pauline Papadelis appeal from the order of the trial court that dismissed their actions against Charter One Bank, N.A. ("Charter One") for failing to supplement discovery responses. For the reasons set forth below we affirm.
 {¶ 2} On September 13, 2002, plaintiffs filed Common Pleas Case No. 481527 against Charter One. Plaintiffs asserted that, beginning in 1980, they obtained eighteen loans from Home Federal Savings Bank, a.k.a. Home Bank, a.k.a. Home Federal Savings and Loan Association of Lakewood, a.k.a. Home Federal Savings Bank, Northern Ohio (collectively referred to as "Home Federal Banks"). Plaintiffs alleged that each of the mortgage loans obtained from Home Federal Banks were modified to contain the following late fee payment provision:
 {¶ 3} "The Note is hereby modified by the elimination of the entire paragraph dealing with the late charges and by the addition thereto of the following: `If any installment under this Note is not received by the holder within fifteen calendar days after the installment is due, the undersigned shall pay to the holder hereof a late charge of 5 percent of such installment, such late charge to be immediately due and payable without demand or notice by the holder hereof. If any installment under this Note remains past due for twenty calendar days or more, the outstanding principal balance of this Note shall bear interest during the period for which the undersigned in default at the rate of two (2) percent per annum over the current contract rate in effect at the time of default * * * [or] the maximum increased rate of interest, if any, which may be collected from the undersigned by applicable law."
 {¶ 4} Plaintiffs further alleged that Home Federal Banks merged with Charter One in 1997, and that Charter One applied the abovequoted language to charge both the 5 percent penalty and the 2 percent penalty to late payments, and imposed both penalties even after default. Plaintiffs alleged that the late fee provision bore no relation to the actual cost of processing a late payment, was confusing and ambiguous, and unenforceable with regard to the 2 percent penalty.
 {¶ 5} Plaintiffs asserted claims for deceptive practices, fraud, and breach of fiduciary duty and prayed for compensatory damages in excess of one million dollars and punitive damages of $10,000,000. Also on September 13, 2002, plaintiffs filed Common Pleas Case No. 481529, asserting the same claims as a class action. Both actions were later consolidated into Case No. 481527.
 {¶ 6} On December 23, 2002, Charter One submitted its First Set of Interrogatories and Request for Production of Documents to plaintiffs. By January 28, 2003, plaintiffs had not responded to the requests for discovery. Pursuant to Civ. R. 37(E), counsel for Charter One sent a letter to plaintiffs counsel requesting that plaintiffs respond. Plaintiffs sought a two-month extension of time within which to respond, but by April 11, 2003, plaintiffs had not provided discovery and counsel for Charter One sent plaintiffs' counsel a second letter urging plaintiffs to comply with the discovery requests. On April 29, 2003, Charter One filed a Motion to Compel.
 {¶ 7} On May 8, 2003, new counsel for plaintiffs entered an appearance in the action. Approximately one month later, the trial court granted Charter One's Motion to Compel and ordered in pertinent part, as follows:
 {¶ 8} "Plaintiffs shall respond to Defendant Charter One's First Set of Interrogatories and Request for Production of Documents on or before06-20-03, or sanctions shall be imposed." (Emphasis added). Following a subsequent pretrial conference, the Court entered an order which extended plaintiffs' response time to July 21, 2003. On this date, plaintiffs submitted responses to discovery.
 {¶ 9} On July 30, 2003, Charter One complained that the responses were incomplete. Among the claimed deficiencies, Charter One noted that: (1) plaintiffs provided mortgage documents for only five loans, including one loan which was the subject of separate foreclosure proceedings, and which the trial court excluded from the instant proceedings; (2) plaintiffs had failed to provide any documentation concerning the late charges allegedly assessed to them; (3) plaintiffs failed to provide documentation concerning their payment of such fees; (4) the documents which were provided were not in any particular order and did not reference the loan to which they pertained; and (5) plaintiffs did not identify an expert. Charter One also complained that many of the loan numbers listed in plaintiffs' complaint were inaccurately listed. Due to these and other claimed deficiencies, Charter One advised plaintiffs' counsel on July 30, 2003 that the discovery responses were inadequate, and that it would seek dismissal of the action if the responses were not supplemented.
 {¶ 10} At a subsequent status conference, the trial court notified plaintiffs that it had until the end of August to properly respond to Charter One's discovery requests. By September 3, 2003, plaintiffs had not supplemented their responses to discovery and Charter One filed a Memorandum in Support of Charter One's Renewed Motion to Compel and for Sanctions, in which it asked the court to dismiss the action and impose monetary sanctions. Also by September 3, 2003, plaintiffs' previous counsel resumed representation of the couple.
 {¶ 11} Plaintiffs did not respond to this motion or otherwise supplement the previous responses. Plaintiffs did, however, file a motion seeking to consolidate the instant claims with the separate foreclosure action.
 {¶ 12} On October 2, 2003, the trial court denied plaintiffs' motion to consolidate and dismissed the complaints with prejudice. Following a hearing, the court also awarded Charter One attorney fees in the amount of $4,174. Plaintiffs now appeal and assign four errors for our review.
 {¶ 13} Plaintiffs' first assignment of error states:
 {¶ 14} "The trial court abused its discretion and committed prejudicial and reversible error when it dismissed the cases of appellants with prejudice."
 {¶ 15} Within this assignment of error, plaintiffs acknowledge that they did not fully respond to the discovery requests, but they complain that the requests were "abusive" in scope, that much of the requested information was already in the possession of Charter One, that they informed Charter One that supplemental responses would be provided, and that, for a time, they had new counsel.
 {¶ 16} Civ. R. 37(A) authorizes motions to compel discovery. Civ. R. 37(B)(2) states that "if any party * * * fails to obey an order to provide or permit discovery, * * * the court * * * may make such orders in regard to the failure as are just, [including]:
 {¶ 17} "* * *
 {¶ 18} "(c) An order * * * dismissing the action * * *."
 {¶ 19} Similarly, pursuant to Civ. R. 41(B)(1), "[w]here the plaintiff fails to prosecute, or comply with these rules or any court order, the court upon motion of a defendant or on its own motion may, after notice to the plaintiff's counsel, dismiss an action or claim."
 {¶ 20} The purpose of requiring prior notice is to "provide the party in default an opportunity to explain the default or to correct it, or to explain why the case should not be dismissed with prejudice." Logsdon v.Nichols (1995), 72 Ohio St.3d 124, 128, 647 N.E.2d 1361, 1365.
 {¶ 21} The decision to dismiss a case pursuant to Civ. R. 41(B)(1) is within the sound discretion of the trial court. Jones v. Hartranft
(1997), 78 Ohio St.3d 368, 371, 678 N.E.2d 530, 534; Pembaur v. Leis
(1982), 1 Ohio St.3d 89, 91, 437 N.E.2d 1199, 1201. A reviewing court will not hesitate to affirm the dismissal of an action when "`the conduct of a party is so negligent, irresponsible, contumacious or dilatory as to provide substantial grounds for a dismissal with prejudice for a failure to prosecute or obey a court order.'" Tokles Son, Inc. v. MidwesternIndemn. Co. (1992), 65 Ohio St.3d 621, 632, 605 N.E.2d 936, 944, quotingSchreiner v. Karson (1977), 52 Ohio App.2d 219, 223, 369 N.E.2d 800,803.
 {¶ 22} In Quonset Hut, Inc. v. Ford Motor Co. (1997), 80 Ohio St.3d 46,684 N.E.2d 319, at the syllabus, the court held that the notice requirement of Civ. R. 41(B)(1) is satisfied "when counsel has been informed that dismissal is a possibility and has had a reasonable opportunity to defend against dismissal." Therefore, "the notice required by Civ. R. 41[B][1] need not be actual but may be implied when reasonable under the circumstances." Id., 80 Ohio St.3d at 49, 684 N.E.2d at 322. As is relevant to this matter, the Quonset Hut court found that the fact that the defendant had filed a motion requesting the court to dismiss plaintiff's claim with prejudice constituted sufficient implied notice for purposes of Civ. R. 41(B)(1). Id.
 {¶ 23} In this matter, the trial court determined that plaintiffs' responses to Charter One's discovery were deficient and the court gave plaintiffs until the end of August 2003, to supplement their responses. By September 3, 2003, Charter One did not receive the supplemental information and it filed a "Memorandum in Support of Charter One's Renewed Motion to Compel and For Sanctions." This motion specifically requested that plaintiffs' "claims be dismissed and that Plaintiffs be sanctioned." Plaintiffs were therefore on notice that the action would be dismissed if they did not properly supplement their deficient responses, but they took no action to comply with court's discovery order and the trial court dismissed the action on October 2, 2003. We find no abuse of discretion as plaintiffs wilfully failed to supplement discovery from August 5, 2003 onward. Plaintiffs were advised in Charter One's September 3, 2003, motion that defendant sought dismissal as a sanction, and plaintiffs took no further action to supplement their responses.
 {¶ 24} With regard to plaintiffs' challenge to the scope of the requested discovery, we note that plaintiffs did not file a protective order or otherwise complain to the trial court. We therefore will not credit this contention at this late date.
 {¶ 25} With regard to plaintiffs' claim that Charter One actually has many of the disputed documents, we note that it is not certain that they are actually in Charter One's custody and control and it does not appear from the record that plaintiffs engaged in formal discovery to obtain them from Charter One.[1] In any event, there is no indication that plaintiffs asserted this contention below. Significantly, plaintiffs did not file responses to Charter One's Motion to Compel and Renewed Motion to Compel and for Sanctions. Moreover, plaintiffs are in control of the documents pertaining to their claimed consequential damages and attorney fees yet they failed to provide this information, and plaintiffs are likewise in possession of documents pertaining to litigation involving the properties which are the subject of the disputed mortgages yet they likewise failed to provide this information.
 {¶ 26} The remaining issues raised by plaintiff are essentially claims that they should have been given additional time within which to respond. Because the Court granted plaintiffs numerous extensions of time within which to respond, and plaintiffs did not seek any further extensions from the court, we find no abuse of discretion.
 {¶ 27} The first assignment of error is without merit.
 {¶ 28} Plaintiffs jointly argue their second, third and fourth assignments of error. These assignments of error state:
 {¶ 29} "The trial court abused its discretion and committed reversible error when it awarded attorney fees to Appellee."
 {¶ 30} "The trial court abused its discretion and committed reversible error as a matter of law when it denied the right of Appellants to cross-examine attorney Greg Farkas."
 {¶ 31} "The trial court abused its discretion and committed reversible error as a matter of law when it made an award of attorney fees to Appellee based solely on the affidavit of Appellee's counsel."
 {¶ 32} Within these assignments of error, plaintiffs maintain that its failure to complete discovery was neither wilful nor in bad faith so an award of attorney fees is erroneous, that the court did not consider and apply the factors set forth in DR 2-106(B) of the Code of Professional Responsibility, and that the court denied them the right to cross-examine counsel for Charter One as to the claimed fees.
 {¶ 33} As noted previously, under Civ. R. 37(D), a trial court may order a party who fails to provide discovery "to pay the reasonable expenses, including attorney fees, caused by the failure, unless the court expressly finds that the failure was substantially justified or that other circumstances make an award of expenses unjust." See Solomanv. Excel Marketing, Inc. (1996), 114 Ohio App.3d 20, 29,682 N.E.2d 724. A trial court has broad discretion when imposing discovery sanctions. See Nakoff v. Fairview Gen. Hosp., 75 Ohio St.3d 254,1996-Ohio-159, 662 N.E.2d 1.
 {¶ 34} A trial court must determine reasonable attorney fees upon the actual value of the necessary services performed by the attorney, with evidence in existence in support of the court's determination. In reHinko (1992), 84 Ohio App.3d 89, 95, 616 N.E.2d 515. Some of the factors to be considered were set forth in Pyle v. Pyle (1983),11 Ohio App.3d 31, 35, 463 N.E.2d 98: "1) time and labor, novelty of issues raised, and necessary skill to pursue the course of action; 2) customary fees in the locality for similar legal services; 3) result obtained; and 4) experience, reputation and ability of counsel." SeeClimaco, Seminatore, Delligatti Hollenbaugh v. Carter (1995),100 Ohio App.3d 313, 653 N.E.2d 1245; DR 2-106(B). A court should then calculate the number of hours reasonably expended and multiply that sum by a reasonable hourly fee. See Bittner v. Tri-County Toyota (1991),58 Ohio St.3d 143, 569 N.E.2d 464.
 {¶ 35} In this matter, plaintiffs failed to properly supplement their incomplete responses to discovery. Pursuant to Civ. R. 37(D), Charter One was entitled to reasonable expenses, including attorney fees, resulting from such failure. Charter One's counsel presented evidence concerning the time spent evaluating the responses, time spent seeking supplemental information, hourly rates for these actions, and the overall attorney fees incurred as the result of plaintiffs' failure to properly respond to the discovery requests. The trial court considered each claimed item and the fee incurred. Following hearing, the trial court did not find that plaintiffs' failure to act was substantially justified or that an award of reasonable expenses would be unjust, and, consequently, the trial court did not abuse its discretion in awarding attorney fees to Charter One.
 {¶ 36} With regard to plaintiffs' contention that attorney fees were erroneously awarded because the failure to complete discovery was neither wilful nor in bad faith, we find that plaintiffs presented absolutely no evidence to the trial court to justify their failure to supplement discovery responses. They neither responded by motion nor presented evidence at the hearing on the motion for attorney fees to explain their inaction. Accordingly, this contention lacks support in the record.
 {¶ 37} Plaintiffs further assert that the trial court did not consider and apply the factors set forth in DR 2-106(B) of the Code of Professional Responsibility. We likewise find that this claim lacks support in the record as the court repeatedly cited to the disciplinary rule provisions throughout the hearing.
 {¶ 38} Finally, plaintiffs claim that the court denied them the right to cross-examine counsel for Charter One as to the claimed fees. Again, this contention is unsupported by the record as counsel did cross-examine Charter One's attorney and the trial court merely prohibited plaintiffs' attorney from inquiring as to whether plaintiffs had filed a "baseless" motion to consolidate the action with a pending foreclosure action. The court repeatedly instructed plaintiffs' counsel to inquire as to the reasonableness of the fees and the reasonableness of the time claimed.
 {¶ 39} The second, third and fourth assignments of error are without merit.
Affirmed.
It is ordered that appellee recover of appellants its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., J., and Gallagher, J., concur.
[1] Charter One also notes that many of the loan numbers listed in the complaint are incorrect. The complaint references numerous loans which plaintiffs had obtained "since 1980" but the complaint does not list the actual dates or addresses associated with these loans.