JOURNAL ENTRY AND OPINION *Page 2 
Bennie Washington, the relator, has filed a complaint for a writ of mandamus. Washington seeks an order from this court which requires Judge Timothy McMonagle, the respondent, to render rulings with regard to a petition for post-conviction relief and a motion to dismiss the indictment for delay of a preliminary hearing filed in State v.Washington, Cuyahoga County Court of Common Pleas Case No. CR-458183. Judge McMonagle has filed a motion for summary judgment, which we grant for the following reasons. *Page 3 
Initially, we find that Washington's complaint for a writ of mandamus is defective since it is improperly captioned. A complaint for a writ of mandamus must be brought in the name of the state, on relation of the person applying. The failure of Washington to properly caption his complaint for a writ of mandamus warrants dismissal. R.C. 2731.04;Blankenship v. Blackwell, 103 Ohio St.3d 567, 2004-Ohio-5596,817 N.E.2d 382; Gannon v. Gallagher (1945) 145 Ohio St. 170, 60 N.E.2d 666;Dunning v. Cleary (Jan. 11, 2001), Cuyahoga App. No. 78763.
Washington has also failed to comply with R.C. 2969.25, which requires the attachment of an affidavit to the complaint for a writ of mandamus that describes each civil action or appeal filed within the previous five years in any state or federal court. Washington's failure to comply with R.C. 2969.25 requires the dismissal of his complaint for a writ of mandamus. State ex rel. Zanders v. Ohio Parole Bd., 82 Ohio St.3d 421,1998-Ohio-218, 696 N.E.2d 594; Alford v. Winters, 80 Ohio St.3d 285,1997-Ohio-117, 685 N.E.2d 1242.
It must also be noted that Washington has failed to comply with Loc. App. R. 45(B)(1)(a), which mandates that the complaint for a writ of mandamus be supported by a sworn affidavit that specifies the details of his claim. The failure of Washington to comply with the supporting affidavit requirement of Loc. App. R. 45(B)(1)(a) requires the dismissal of his complaint for *Page 4 
a writ of mandamus. State ex rel. Smith v. McMonagle (July 17, 1996), Cuyahoga App. No. 70899; State ex rel. Wilson v. Calabrese (Jan. 18, 1996), Cuyahoga App. No. 70077.
Finally, we find that Washington's complaint for a writ of mandamus is moot. Attached to Judge McMonagle's motion for summary judgment is a copy of a judgment entry, journalized on June 17, 2008, which demonstrates a disposition of Washington's petition for post-conviction relief. State ex rel. Konoff v. Shafer, 80 Ohio St.3d 294,1997-Ohio-119, 685 N.E.2d 1248; Martin v. Judges of Lucas Cty. Court ofCommon Pleas (1990), 50 Ohio St.3d 71, 552 N.E.2d 906. In addition, the motion to dismiss the indictment for delay of preliminary hearing was "deemed to be denied" upon Washington's plea of guilty to the offense of felonious assault, which occurred on November 22, 2005. Jones v.Sutula, Cuyahoga App. No. 91296, 2008-Ohio-2777; State v. Whitaker, Cuyahoga App. No. 83824, 2004-Ohio-5016.
Accordingly, we grant Judge McMonagle's motion for summary judgment. Costs to Washington. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ. R. 58(B).
 Writ denied. *Page 5 
 COLLEEN CONWAY COONEY, P.J., and PATRICIA A. BLACKMON, J., CONCUR *Page 1