[Cite as *State ex rel. Engelhart v. Russo*, 2011-Ohio-2410.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
No. 96387

## STATE OF OHIO EX REL. RENEE ENGELHART

RELATOR

vs.

## HONORABLE NANCY MARGARET RUSSO

RESPONDENT

## JUDGMENT:
## WRITS DENIED

Writ of Prohibition and Writ of Mandamus
Motion Nos. 442793 and 443422
Order No. 444197

**RELEASE DATE:** May 16, 2011

**FOR RELATOR:**

John C. Greiner
Graydon Head & Ritchey LLP
1900 Fifth Third Center
511 Walnut Street
Cincinnati, Ohio 45202-3157

**ATTORNEYS FOR RESPONDENT:**

William D. Mason
Cuyahoga County Prosecutor

By:    Charles E. Hannan, Jr.
        Assistant County Prosecutor
Justice Center - 8th Floor
1200 Ontario Street
Cleveland, Ohio    44113

KENNETH A. ROCCO, J.:

**{¶ 1}**  Renee Engelhart has filed a complaint for the extraordinary writs of prohibition and mandamus.  Engelhart, through the complaint for a writ of prohibition, seeks to prevent Judge Nancy Margaret Russo "from exercising jurisdiction and further proceeding in any manner with respect to the underlying [civil] action" of *State ex rel. Engelhart v. Brecksville-Broadview*

*Hts. City School Dist.*, Cuyahoga County Court of Common Pleas Case No. CV-719533. Through the request for a writ of mandamus, Engelhart seeks an order that "command[s] Judge Russo to vacate her order of January 25, 2011, striking Engelhart's voluntary notice of dismissal without prejudice and to vacate all other orders issued after the filing of the Notice of Dismissal; * * * commanding [Judge Russo] to reinstate the voluntary notice of dismissal filed by Engelhart on January 12, 2011." Engelhart and Judge Russo have filed motions for summary judgment. For the following reasons, we grant Judge Russo's motion for summary judgment and deny Engelhart's motion for summary judgment.

## Facts

{¶ 2} The following facts that are pertinent to this original action are gleaned from Engelhart's complaint for a writ of prohibition and mandamus, Judge Russo's motion for summary judgment with attached affidavits and exhibits, and Engelhart's motion for summary judgment with attached affidavit and exhibits:

{¶ 3} (1) Judge Russo was assigned to preside over the civil action of *State ex rel. Engelhart v. Brecksville-Broadview Hts. City School Dist.*, supra, an action in mandamus that claimed violations of the Ohio Sunshine Law (R.C. 121.22) and Ohio's Public Records Act (R.C. 149.43);

{¶ 4}  (2) On November 16, 2010, the Brecksville-Broadview Heights City School District ("School District") filed a motion for summary judgment in CV-719533;

{¶ 5}  (3) On December 21, 2010, Engelhart filed a brief in opposition to the motion for summary judgment in CV-719533;

{¶ 6}  (4) On January 12, 2011, at 11:07 a.m., a person using the personal computer password assigned to Judge Russo's staff attorney created a journal entry that granted the motion for summary judgment filed by the School District;

{¶ 7}  (5) On January 12, 2011, at 2:25 p.m., Judge Russo employed her personal computer password to electronically sign the journal entry that granted the motion for summary judgment filed by the School District;

{¶ 8}  (6) On January 12, 2011, at 2:25 p.m., the electronically signed journal entry, which granted the School District's motion for summary judgment, entered a queue of electronically transmitted documents in order to be processed by the Clerk of Courts for Cuyahoga County;

{¶ 9}  (7) On January 12, 2011, at 2:25 p.m., Judge Russo employed her personal computer password to manually update the status of motions pertaining to CV-719533 to reflect that the School District's motion for summary judgment had been granted;

{¶ 10} (8) On January 12, 2011, at 3:48 p.m., counsel for Engelhart filed a notice of voluntary dismissal of CV-719533 with the Clerk of Courts for Cuyahoga County;

{¶ 11} (9) On January 12, 2011, at 4:05 p.m., a deputy clerk of the Clerk of Courts for Cuyahoga County, responsible for processing the queue of transmitted documents, accessed and processed the electronically signed journal entry that had been transmitted electronically by Judge Russo to the Clerk of Courts of Cuyahoga County on January 12, 2011, at 2:25 p.m., which caused the electronically signed journal entry to appear on the electronic docket;

{¶ 12} (10) On January 13, 2011, the School District filed a "motion to strike-motion to deem moot and untimely [Engelhart's] notice of dismissal, and motion to show cause";

{¶ 13} (11) On January 25, 2011, Judge Russo granted the motion to strike-deem moot and held that: "[d]efendant/respondents motion to strike/motion to deem moot is unopposed and granted. The [dismissal without prejudice] filed by the plaintiff/relator is stricken and the court's issuance of the motion for summary judgment, issued by the court before the filing of the voluntary dismissal stands as the final judgment in this case.

{¶ 14} "The court also notes for purposes of the record that the entry of

[summary judgment] in favor of the respondents was created at 11:07 am on January 12; the judge assigned to the case signed that entry at 2:25 pm, which is the actual time of filing by the court of its order; the relator's notice of dismissal was time-stamped on 1/12/11 at 3:48 pm, after the court had updated the pending motion docket and signed the [journal entry] and after the clerk received it for filing. The court also notes that the court's issuance of the granting of the motion was visible to the parties on the docket of the case and accessible via the county's internet docket system. The court further notes that the plaintiff/relator never provided the court with the time-stamped copy of the dismissal, in violation of the court's standing orders and that the clerk did not place the pleading on the docket until 1/13/11; therefore, the court was not aware, until 1/13/11, of the plaintiff[']s knowing attempt to circumvent the court's ruling and voluntarily dismiss this case after the [motion for summary judgment] was ruled upon.

{¶ 15} "Motion to show cause is set for hearing on 1/31/11 at noon; the [attorney] for relator, Deborah Caruthers and the client, Renee Engelhart are ordered to appear and show cause why each should not be held in contempt for the filing of a voluntary dismissal after the notice from the court of the ruling on the motion for summary judgment and for her representations to the court that she could not file her trial brief on time due to weather and

travel issues, noting that those same reasons for her inability to file the trial brief (to which the court granted an oral extension to both parties on the morning of January 12, 2011) were not impediments to her attempt to circumvent the court's ruling on the [motion for summary judgment]. The court will also hold a hearing on the respondent's motion for sanctions at that time. CLCCC 01/25/2011 notice issued."

{¶ 16} (12) On January 31, 2011, Judge Russo granted the School Board's motion for sanctions and held that: "[t]he court grants the respondents/Brecksville/Broadview Hts. School Board [']s motion for sanctions against [attorney] Deborah Caruthers in the amount of $1200.00 to be paid on or before noon on 2/7/11. The court finds from the statements and evidence that Ms. Caruthers was aware of the court[']s ruling in favor of respondents before she filed the now stricken [dismissal without prejudice] and that she did so in [an] attempt to prejudice the respondents and perpetrate a fraud upon the court. CLPAL 01/31/2011 notice issued."

{¶ 17} (13) On February 3, 2011, an appeal was filed from the order that granted sanctions in the amount of $1,200;[1]

{¶ 18} (14) On February 7, 2011, Engelhart file her complaint for a writ of prohibition and a writ of mandamus;

---

[1]See appeal of order granting sanctions as filed in Cuyahoga App. No. 96369.

{¶ 19} (15) On March 14, 2011, Judge Russo filed a motion for summary judgment with attached affidavits and other evidentiary material;

{¶ 20} (16) On April 4, 2011, Engelhart filed her brief in opposition to Judge Russo's motion for summary judgment and also filed her own motion for summary judgment.

## Legal Analysis

{¶ 21} In the case sub judice, Engelhart argues that she is entitled to a writ of prohibition and a writ of mandamus because the trial court was without jurisdiction to grant summary judgment on behalf of the School District and to issue post judgment motions that ordered the notice of voluntary dismissal stricken and granted sanctions in the amount of $1,200. Specifically, Engelhart argues that the Civ.R. 41(A)(1)(a) notice of voluntary dismissal took precedence over the order that granted summary judgment for the School District, since the notice of voluntary dismissal was timed-stamped by the Clerk of Courts of Cuyahoga County on January 12, 2011, at 3:48 p.m. and the order granting summary judgment was time-stamped on January 12, 2011, at 4:05 p.m. Engelhart argues that Judge Russo was without jurisdiction to grant summary judgment and enter other post-judgment rulings since CV-719533 had previously been voluntarily dismissed.

*Prohibition*

{¶ 22} A writ of prohibition constitutes a legal order that is intended to enjoin a subordinate court from acting beyond the scope of its jurisdiction. *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 1998-Ohio-275, 701 N.E.2d 1002. In order for this court to issue a writ of prohibition, Engelhart must demonstrate that: (1) Judge Russo is about to or has exercised judicial power; (2) the exercise of the judicial power is not authorized by law; and (3) a denial of the writ of prohibition will result in injury for which no other adequate remedy exists in the ordinary course of the law. *State ex rel. Sliwinski v. Burnham Unruh*, 118 Ohio St.3d 76, 2008-Ohio-1734, 886 N.E.2d 201; *State ex rel. Lipinski v. Cuyahoga Cty. Courts of Common Pleas*, 74 Ohio St.3d 19, 1995-Ohio-96, 655 N.E.2d 1303.

{¶ 23} An adequate remedy at law will preclude relief in prohibition. *State ex rel. Lesher v. Kainard* (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382; *State ex rel. Sibarco Corp. v. Berea* (1966), 7 Ohio St.2d 85, 218 N.E.2d 428. Furthermore, absent a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction over an action possesses the legal authority to determine its own jurisdiction, and a party challenging its jurisdiction has an adequate remedy at law by way of a post-judgment appeal. *Whitehall ex rel. Wolfe v. Ohio Civ. Rights Comm.*, 74 Ohio St.3d 120, 1995-Ohio-302, 656 N.E.2d 688.

**{¶ 24}** In the case sub judice, Engelhart argues that a Civ.R. 41(A)(1)(a) notice of voluntary dismissal was filed with the Clerk before the journalization of the order that granted summary judgment. Engelhart argues that her notice of voluntary dismissal was filed on January 12, 2011, at 3:48 p.m., while the order granting summary judgment was journalized by the clerk on January 12, 2011, at 4:05 p.m. Thus, Engelhart argues that Judge Russo was divested of jurisdiction to grant summary judgment and strike the notice of voluntary dismissal.

**{¶ 25}** The key issue before this court is the time of journalization of the order that granted summary judgment vis-a-vis the usage of an electronic signature. It is axiomatic that a court speaks only through its journal and a judgment entry is effective only when it has been journalized. *San Filipo v. San Filipo* (1991), 81 Ohio App.3d 111, 610 N.E.2d 493; *State v. Ellington* (1987), 36 Ohio App.3d 76, 521 N.E.2d 504. Journalization of a judgment entry requires that: (1) the judgment is reduced to writing; (2) signed by a judge; and (3) filed with the clerk so that it may become a part of the permanent record of the court. Id. at 78. See, also, *State ex rel. Hanley v. Roberts* (1985), 17 Ohio St.3d 1, 476 N.E.2d 1019; *State v. Ginocchio* (1987), 38 Ohio App.3d 105, 526 N.E.2d 1366; *William Cherry Trust v. Hofmann* (1985), 22 Ohio App.3d 100, 489 N.E.2d 832.

**{¶ 26}** Ordinarily, a trial court judgment entry is reduced to a written document, physically signed by a judge, and then physically filed with the clerk so that the judgment entry becomes a permanent part of the court's record. Advancements in computer technology have allowed for the implementation of an electronic signature that may be used in place of a judge's physical signature. The Supreme Court of Ohio, through Sup.R. 27, has promulgated minimum standards allowing for a court to adopt a local rule that authorizes the use of an electronic signature to authenticate an electronic judgment entry. Pursuant to Sup.R. 27, the Cuyahoga County Court of Common Pleas, on September 28, 2005 and as amended on December 16, 2008, adopted Loc.R. 19.1 of the Court of Common Pleas of Cuyahoga County, General Division, which provides that:

**{¶ 27}** "(A) The following definitions shall apply to this rule:

**{¶ 28}** "'Electronic' and 'Electronic Signature' have the same meaning as used in section 1306.01 of the Ohio Revised Code.

**{¶ 29}** "The term 'Document' includes journal entries, notices, orders, opinions, and any other filing by a Judge or Magistrate of this Court.

**{¶ 30}** "(B) Electronic transmission of a document with an electronic signature by a Judge or Magistrate that is sent in compliance with procedures adopted by the Court shall, *upon the complete receipt of the same*

*by the Clerk of Courts, constitute filing of the document for all purposes of the Ohio Civil Rules, Ohio Criminal Rules, Rules of Superintendence, and the Local Rules of this Court*

**{¶ 31}** * *"""   (Emphasis added.)

**{¶ 32}** Loc.R. 19.1(B) specifically provides that receipt by the clerk of an electronic "document," that contains an electronic signature, constitutes filing under the Ohio Civil Rules.[2]   The affidavit of Keith Hurley, Chief Deputy of the Clerk of Courts of Cuyahoga County, as attached to Judge Russo's motion for summary judgment, establishes that:

**{¶ 33}** (1) A judge of the Cuyahoga County Court of Common Pleas may transmit to the Clerk of Courts for Cuyahoga County any document with an electronic signature; (Hurley affidavit at ¶2.)

**{¶ 34}** (2) Any document electronically transmitted to the Clerk of Courts for Cuyahoga County enters a queue in order to be placed upon the electronic docket; (Hurley affidavit at ¶3.)

**{¶ 35}** (3) On January 12, 2011, at 11:07 a.m., Judge Russo or her staff attorney created an electronic journal entry in CV-719533 that granted

---

[2]This court has established that Cuyahoga County Common Pleas Court Loc.R. 19.1 authorizes the use of electronic signatures, and has upheld the use of electronic signatures.   See *State v. Townsend*, Cuyahoga App. No. 94754, 2010-Ohio-5147; *State v. Anderson*, Cuyahoga App. No. 92576, 2010-Ohio-2085; *State v. Pinkney*, Cuyahoga App. No. 91861, 2010-Ohio-237.

summary judgment for the School District; (Hurley affidavit at ¶7.)

{¶ 36} (4) On January 12, 2011, at 2:25 p.m., Judge Russo electronically signed the electronic journal entry that granted summary judgment for the School District and transmitted the electronically signed journal entry to the Clerk of Courts of Cuyahoga County; (Hurley affidavit at ¶8.)

{¶ 37} (5) On January 12, 2011, at 3:48 p.m., a notice of voluntary dismissal was filed by Engelhart in CV-719533; (Hurley affidavit at ¶10.)

{¶ 38} (6) On January 12, 2011, at 4:05 p.m., a deputy clerk of the Clerk of Courts of Cuyahoga County processed the electronic queue of electronically transmitted documents, which contained the electronic journal entry that granted summary judgment for the School District. (Hurley affidavit at ¶11.)

{¶ 39} Based upon Loc.R. 19.1 and the sworn affidavit of Hurley, it is readily apparent that Engelhart cannot establish that Judge Russo was patently and unambiguously without the necessary judicial authority to strike the notice of voluntary dismissal. The electronic journal entry, which granted summary judgment, was electronically signed and electronically transmitted to the clerk at 2:25 p.m., on January 12, 2011. The notice of voluntary dismissal was not filed with the clerk until 3:48 p.m. on January 12, 2011. In addition, the clerk's placement of the information from the electronic journal entry on the electronic docket did not constitute

journalization of the order that granted summary judgment for the Brecksville-Broadview Heights City School District. See *State ex rel. White v. Junkin*, 80 Ohio St.3d 335, 1997-Ohio-340, 686 N.E.2d 267. Clearly, the order granting summary judgment was journalized prior to the filing of the notice of voluntary dismissal.

**{¶ 40}** The failure of Engelhart to establish that Judge Russo was patently and unambiguously without jurisdiction to grant summary judgment and strike the notice of voluntary dismissal prevents this court from issuing a writ of prohibition. *State ex rel. Sullivan v. Ramsey*, 124 Ohio St.3d 355, 2010-Ohio-252, 922 N.E.2d 214. To the contrary, the facts in this original action demonstrate that Judge Russo possessed the necessary jurisdiction to grant summary judgment for the School District and strike the notice of voluntary dismissal. *State ex rel. Sliwinski*, supra.

**{¶ 41}** It must also be noted that Engelhart possesses or possessed an adequate remedy at law. *State ex rel. Hughley v. McMonagle*, 121 Ohio St.3d 536, 2009-Ohio-1703, 905 N.E.2d 1220. Engelhart possesses or possessed an adequate remedy at law through a direct appeal of the orders that granted summary judgment for the School District and struck the notice of voluntary dismissal. Cf. *State ex rel. Jaffal v. Calabrese*, 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107.

*Mandamus*

**{¶ 42}** Engelhart's request for a writ of mandamus is premised upon the supposition that a writ of prohibition would issue against Judge Russo. Specifically, Engelhart seeks a writ of mandamus that requires Judge Russo to vacate the journal entry that granted summary judgment for the School District, vacate the entry that ordered the notice of voluntary dismissal stricken and thereby reinstate the notice of voluntary dismissal, and vacate all other orders issued after the filing of the notice of voluntary dismissal. Our decision to deny the request for a writ of prohibition renders the request for a writ of mandamus moot. *State ex rel. Konoff v. Shafer*, 80 Ohio St.3d 294, 1997-Ohio-119, 685 N.E.2d 1248; *Martin v. Judges of the Lucas Cty. Court of Common Pleas* (1990), 50 Ohio St.3d 71, 552 N.E.2d 906.

**{¶ 43}** Accordingly, we grant Judge Russo's motion for summary judgment and deny Engelhart's motion for summary judgment. Costs to Engelhart. It is further ordered that the Clerk of the Eighth District Court of Appeals serve notice of this judgment upon all parties as required by Civ.R. 58(B).

Writs denied.

_____
KENNETH A. ROCCO, JUDGE

MARY J. BOYLE, P.J. and
COLLEEN CONWAY COONEY, J., CONCUR