[Cite as *Tarquinio v. Estate of Zadnik*, 2011-Ohio-3980.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 95767 and 96246**

## KEVIN TARQUINIO, ET AL.

PLAINTIFFS-APPELLANTS

vs.

## ESTATE OF DONALD ZADNIK, ET AL.

DEFENDANTS-APPELLEES

**JUDGMENT:**
**AFFIRMED**

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-716225

**BEFORE:** Rocco, J., Blackmon, P.J., and E. Gallagher, J.

**RELEASED AND JOURNALIZED:** August 11, 2011

**ATTORNEY FOR APPELLANTS**

Joseph A. Pfundstein
29325 Chagrin Blvd., Suite 305
Pepper Pike, Ohio 44122

**ATTORNEYS FOR APPELLEES**

**For Christie C. Adams**

Kevin M. Spellacy
McGinty, Hilow & Spellacy Co., LPA
The Rockefeller Bldg., Suite 1300
614 West Superior Avenue
Cleveland, Ohio 44113

**For Estate of Donald E. Zadnik**

William L. Danko
McGinty, Hilow & Spellacy Co., LPA
The Rockefeller Bldg., Suite 1300
614 West Superior Avenue
Cleveland, Ohio 44113

KENNETH A. ROCCO, J.:

{¶ 1} In these appeals that have been consolidated for briefing, hearing, and disposition, plaintiffs-appellants Kevin Tarquinio and K & A Forest City Café, LLC appeal from two orders of the trial court. The first dismissed appellants' action against defendants-appellees the Estate of Donald Zadnik, Zadnik's Forest City Café, LLC, and Christie C. Adams. The second denied appellants' motion for relief from that dismissal.

**{¶ 2}** Appellants present two assignments of error. They argue the trial court abused its discretion in issuing both orders. Upon a review of the record, this court disagrees. Consequently, the trial court's orders are affirmed.

**{¶ 3}** The record reflects this case had been previously dismissed and appellants refiled it on January 22, 2010. By means of its electronic docket, the trial court scheduled a case management conference for April 6, 2010. See Loc.R. 19.1; *State ex rel. Engelhart v. Russo*, Cuyahoga App. No. 96387, 2011-Ohio-2410, ¶25-32. The trial court indicated the following matters would be determined: the discovery schedule, the amount in controversy, the exchange of expert reports, the date for the final pretrial conference, and any "referrals." The court further stated that a "binding case management order" would be entered into at the conference.

**{¶ 4}** The conference proceeded as scheduled. On April 7, 2010, the trial court issued a journal entry that stated that the "oral motion [made at the conference] to include all discovery from [the] previously filed case [was] granted." The April 7, 2010 journal entry also provided that appellants had fourteen days to file an amended complaint, and that the parties requested a referral to "business mediation" pursuant to Loc.R. 21.2. Since the

mediation would be held in June, the trial court scheduled a pretrial hearing for July 22, 2010.

{¶ 5} Appellants timely filed their amended complaint. They alleged six causes of action against appellees, including conversion, breach of contract, fraud, and unjust enrichment with respect to appellants' intent to purchase a business concern from Donald Zadnik. On June 28, 2010, after appellees had filed their separate answers to the amended complaint, the trial court issued an electronic journal entry that cancelled the July 22, 2010 pretrial hearing.

{¶ 6} On July 7, 2010, the trial court issued another electronic journal entry setting another case management conference for August 5, 2010. The order indicates that "notice [was] sent" to counsel.

{¶ 7} The next entry on the trial court's docket is a written journal entry dated August 5, 2010 stating as follows:

{¶ 8} "Pre-trial held on August 5, 2010. [Appellants'] counsel did not appear. [Appellees] have outstanding discovery that has not been responded to by [appellants]. As a result, a scheduled mediation was not productive. Additionally, a second mediation scheduled for 8/9/10 must now be continued. Therefore, [appellants] ha[ve] until 8/20/10 to provide responses to all

outstanding discovery and file notice of compliance with the court or this case shall be dismissed with prejudice for failure to prosecute. * * * ."

{¶ 9} On August 26, 2010, the trial court issued a written journal entry noting that appellants had failed to comply with the previous order. The trial court dismissed appellants' case with prejudice for failure to prosecute.

{¶ 10} On August 27, 2010, appellants' counsel filed a notice of compliance. Appellants' counsel attached unverified copies of what purported to be "completed interrogatory answers," e-mail shipping notifications, and notifications of delivery to appellees' counsel.

{¶ 11} On September 7, 2010, appellants filed a Civ.R. 60(B) motion for relief from judgment. Appellants averred in their brief in support of their motion that their attorney inadvertently did not place the August 5, 2010 hearing date into his calendar.

{¶ 12} Appellants attached their attorney's affidavit to their motion. A review of the attorney's affidavit, however, indicates he averred only that he delivered the discovery to appellees' counsel before August 20, 2010; counsel acknowledged he "unintentionally for[got] to notify the court of his compliance" with the August 5, 2010 order.

{¶ 13} Appellants filed a notice of appeal from the dismissal of their case, designated App. No. 95767. This court subsequently remanded the case to the trial court for a decision on appellant's Civ.R. 60(B) motion.

{¶ 14} On December 10, 2010, the trial court issued a journal entry that denied appellant's Civ.R. 60 (B) motion. The court stated that "counsel's reasons for failure to comply" with the trial court's August 5, 2010 order did not qualify as "excusable neglect," because "the inaction of a defendant [sic] is not excusable neglect if it can be labeled as 'a complete disregard for the judicial system.' *Kay v. Marc Glassman, Inc.* (1996), 76 Ohio St.3d 18, 20, 665 N.E.2d 1102 * * * ."

{¶ 15} Appellants also filed a notice of appeal from the foregoing order. It has been designated App. No. 96246, and the two appeals have been consolidated.

{¶ 16} Appellants present two assignments of error, as follows.

**"I. The trial court abused its discretion in dismissing Plaintiffs-Appellants [sic] complaint as Plaintiffs-Appellants substantially complied with the order of the court and there was no showing of willfulness or bad faith.**

**"II. The trial court abused its discretion in denying Plaintiffs-Appellants [sic] motion to vacate judgment as there clearly was a showing of excusable neglect in the motion."**

{¶ 17} In their first assignment of error, appellants argue neither that the trial court failed to give them notice of the hearing set for August 5, 2010, nor that the trial court failed to provide notice of its intent to dismiss this case if they did not comply with discovery by August 20, 2010. Rather, they argue that dismissal of their amended complaint against appellees was an excessive sanction for their failure to comply with "discovery requests" in a timely manner. This court finds their argument misplaced.

{¶ 18} The trial court in this case gave notice to appellants that their complaint was subject to potential dismissal for "failure to prosecute." Civ.R. 41(B)(1) provides that when a "plaintiff fails to prosecute, *or comply with* these rules or *any court order*, the court upon motion of a defendant or *on its own motion may, after notice to the plaintiff's counsel, dismiss an action* or claim." (Emphasis added.)

{¶ 19} According to the trial court's August 5, 2010 order, to maintain this refiled action, appellants were required to fulfill two duties *prior to August 20, 2010*: 1) they had to provide responses to all of appellees'

outstanding discovery requests; and, 2) they had to file a notice with the court of their compliance. The record reflects they fulfilled neither.

{¶ 20} The decision to dismiss an action pursuant to Civ.R. 41(B)(1) lies within the discretion of the trial court. *Jones v. Hartranft*, 78 Ohio St.3d 368, 371, 1997-Ohio-203, 678 N.E.2d 530. Appellate review of a dismissal under Civ.R. 41(B)(1) is limited, therefore, to determining whether the trial court abused its discretion. Id. The term "abuse of discretion" implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore* (1983), 5 Ohio St.3d 217, 219, 450 N.E.2d 1140.

{¶ 21} As of August 20, 2010, the trial court received no notice from appellants of compliance with its order. The trial court nevertheless waited six additional days before dismissing appellants' case. Appellants notice of compliance, even if it were compliance in full, which the record does not establish, was filed only *after* the court had already dismissed their case. Under these circumstances, this court cannot find the trial court's dismissal constituted an abuse of discretion. *Alam v. Gallogly*, Cuyahoga App. No. 93993, 2010-Ohio-5766; *Papadelis v. Charter One Bank*, Cuyahoga App. No. 84581, 2005-Ohio-288; *Whitt v. Zugg*, Highland App. No. 03CA8, 2004-Ohio-788, citing *Jones*; cf., *Gunton Corp. v. Architectural Concepts*, Cuyahoga App. No. 89725, 2008-Ohio-693.

{¶ 22} Consequently, appellants' first assignment of error is overruled.

{¶ 23} Appellants argue in their second assignment of error that relief from the dismissal of their case was warranted due to the circumstances surrounding their failure to comply with the trial court's order. Their argument is incomplete and, thus, unpersuasive.

{¶ 24} Civ.R. 60(B) provides in relevant part:

{¶ 25} "On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect;

{¶ 26} * * * ."

{¶ 27} Similarly to the trial court's decision made pursuant to Civ.R. 41(B)(1), this court reviews the denial of Civ.R. 60(B) motion for an abuse of discretion. *Associated Estates Corp. v. Fellows* (1983), 11 Ohio App.3d 112, 117, 463 N.E.2d 417; *Doddridge v. Fitzpatrick* (1978), 53 Ohio St.2d 9, 12, 371 N.E.2d 214. To prevail on a motion brought under Civ.R. 60(B), the movant must demonstrate the following:

{¶ 28} "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a

reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.* (1976), 47 Ohio St.2d 146, 351 N.E.2d 113, paragraph two of the syllabus.

**{¶ 29}** If the movant fails to establish even one of the three elements enumerated, the trial court must deny the motion. *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 1996-Ohio-54, 666 N.E.2d 1134.

**{¶ 30}** In this case, appellants failed to address the first element in their motion, i.e., that appellants had a meritorious claim. Their motion, instead, focused only on the second element. Under these circumstances, the trial court was not required to proceed to the next step, and a denial of appellants' motion was appropriate. *Gen. Motors Acceptance Corp. v. Uhase* (Oct. 21, 1993), Cuyahoga App. No. 65264.

**{¶ 31}** Moreover, the record does not demonstrate excusable neglect warranting relief. The court in *GTE* defined "excusable neglect" in the negative, stating that it is not excusable for an attorney to conduct himself in a manner that demonstrates a complete disregard of the judicial system and the rights of the opposing party. Id., at 152.

**{¶ 32}** In this case, appellants "voluntarily chose" their attorney, whom the record reflects: 1) failed to fully comply with appellees' requests for

discovery in a timely manner even after refiling the case; 2) failed to attend the August 5, 2010 hearing after having been notified of the consequences should he fail to attend; and, 3) failed to comply with either portion of the order that resulted from that hearing. "In other words, there is nothing before us from which to conclude that [appellants'] inaction, in reliance upon [their attorney], was excusable." *Gary R. Gorby & Assoc., LLC v. McCarty*, Clark App. No. 2010 CA 71, 2011-Ohio-1983, ¶47; *GTE*; cf., *CB Group, Inc. v. Starboard Hospitality, L.L.C.*, Cuyahoga App. No. 93387, 2009-Ohio-6652.

**{¶ 33}** Since nothing supports a conclusion that the trial court abused its discretion in denying appellants' Civ.R. 60(B) motion, appellants' second assignment of error also is overruled.

**{¶ 34}** The trial court's orders are affirmed.

It is ordered that appellees recover from appellants costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
KENNETH A. ROCCO, JUDGE

PATRICIA ANN BLACKMON, P.J., and
EILEEN A. GALLAGHER, J., CONCUR